**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHRISTOPHER MOORE, JR.,

    Defendant - Appellant.

No. 04-5172
(N. D. Oklahoma)
(D.Ct. Nos. CV-01-278-H and
98-CR-78-H)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**
_____

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Christopher Moore, a federal prisoner appearing *pro se*,[1] seeks a certificate of appealability (COA) from the district court's denial of his 28 U.S.C. § 2255 motion. Before ruling on Moore's application, however, we must address a

_____

[1] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

jurisdictional issue dealing with the timeliness of Moore's initiation of his appeal. *Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1063 (10th Cir. 2002) ("[T]his court must always satisfy itself of jurisdiction before addressing the merits of a claim . . . ."). Although we conclude Moore's appeal was timely filed, we deny his request for a COA.

## Background

Moore was convicted in the district court of bank robbery, use of a firearm to commit a violent crime, and armed carjacking. He unsuccessfully challenged his convictions on direct appeal. *See United States v. Moore*, 198 F.3d 793 (10th Cir. 1999), *cert. denied* 529 U.S. 1076 (2000). He then petitioned the district court for relief pursuant to 28 U.S.C. § 2255. Moore raised several claims: (1) the district court lacked jurisdiction due to intervening decisions by the United States Supreme Court; (2) his sentence was unconstitutionally enhanced; and (3) he was denied effective assistance of counsel. On May 14, 2004, the district court issued its order and judgment denying relief. The order and judgment were entered on May 17, 2004, starting the time period for the filing of the notice of appeal. *Jenkins v. Burtzloff*, 69 F.3d 460, 461 (10th Cir. 1995). Pursuant to Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure,[2] Moore was required to

---

[2] "When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered." FED. R. APP. P. 4(a)(1)(B).

file a notice of appeal by July 16, 2004. However, Moore's application for COA was not filed in the district court until July 19, 2004.

On October 21, 2004, the district court denied Moore's application. The court also found Moore's application to be the "functional equivalent of a notice of appeal," and ordered it processed as such. (R. Doc. 44 at 1, 3.) *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992) ("If a document filed within the time specified by Rule 4 [of the Federal Rules of Appellate Procedure] gives the notice required by Rule 3, it is effective as a notice of appeal.").

Discussion

1. Timeliness of Appeal

The timely filing of a notice of appeal is "mandatory and jurisdictional." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988). Since Moore's application was not filed with the district court until July 19, 2004, three days after the end of the sixty-day filing period, the only way it could be deemed timely was if he was entitled to the benefit of the prison mailbox rule. Under the prison mailbox rule, an inmate's legal pleading is deemed filed at the time he delivers it to the prison authorities for forwarding to the court. FED. R. APP. P. 4(c)(1).[3]

---

[3] "If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for

On December 2, 2004, this Court ordered Moore to show cause why this case should not be summarily dismissed, due to the apparent untimely filing of the notice of appeal. In response, Moore filed a declaration that he mailed his application for COA "[o]n July 14, 2004 . . . from U.S. Penitentiary, Leavenworth, Kansas, via the institution's legal mail box . . . ." (Response to Show Cause Order at 3), attaching a photocopy of a certified mail receipt as proof. This constituted sufficient compliance with Rule 4(c)(1) of the Federal Rules of Appellate Procedure. *See United States v. Gray*, 182 F.3d 762, 766 & n.7 (10th Cir. 1999). Moore's application thus was timely filed, and we have jurisdiction.

2.      Certificate of Appealability

In his original 28 U.S.C. § 2255 motion, Moore raised several issues: (1) the district court lacked jurisdiction because intervening decisions by the United States Supreme Court in *United States v. Morrison*, 529 U.S. 598 (2000), and *Jones v. United States*, 529 U.S. 848 (2000), rendered unconstitutional the carjacking statute under which he was convicted; (2) his sentence was unconstitutionally enhanced based on facts not presented to the jury; and (3) he was denied his constitutional

---

legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." FED. R. APP. P. 4(c)(1).

right to effective assistance of counsel due to counsel's failure to object both to the sentencing enhancements and to a jury instruction which allegedly omitted a key element of the offense of carjacking under 18 U.S.C. § 2119.[4]  The district court denied Moore's petition in its entirety, considering Moore's challenge to the federal carjacking statute to be procedurally barred since he had not raised it on direct appeal.  The court further rejected Moore's attempts to overcome the procedural bar, finding Moore's reliance on *Morrison* and *Jones* misplaced.  Since neither case affected the constitutionality of the carjacking statute, Moore neither established cause under the intervening change in law exception to the bar, nor demonstrated actual prejudice.  The court also found Moore's challenge to his sentence to be both procedurally barred, since he did not raise it on direct appeal, and incorrect as a matter of law, since he was not sentenced beyond the statutory maximum.  Finally, the court held Moore's counsel was not ineffective, since there was no legal basis to object either to the sentence or to the disputed jury instruction.

In his subsequent application to the district court for a COA, Moore

---

[4] 18 U.S.C. § 2119 provides in pertinent part:

Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—

**(1)** be fined under this title or imprisoned not more than 15 years, or both . . . .

contended the court erred in denying his § 2255 motion without a hearing; the court erred in denying his claims challenging the effectiveness of his counsel; and the evidence relating to the carjacking was insufficient to prove a nexus to interstate commerce. Moore abandoned the challenge to his sentence. The district court summarily denied the application, since Moore had not "made a substantial showing of the denial of a constitutional right." (R. Doc. 44 at 2.)

Moore altered his contentions slightly in his COA application to this Court. He again challenges the effectiveness of his counsel, and argues the evidence presented was insufficient to establish a nexus to interstate commerce under 18 U.S.C. § 2119. Relying on *Morrison*, Moore argues that in order to satisfy the Commerce Clause, evidence at trial must prove each vehicle was moving in interstate commerce contemporaneously with its theft in order to be convicted under the federal carjacking statute.

A COA is a jurisdictional pre-requisite to our review. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA only if a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citation omitted). When a petitioner "fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding,

-6-

unless he establishes either cause excusing the procedural default and prejudice resulting from the error, or a fundamental miscarriage of justice if the claim is not considered." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996) (citation omitted). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies the petition on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In reviewing for a COA, we are forbidden from giving full consideration to the factual or legal bases urged in support of the claims. To the contrary, we preview the claims and make a general assessment of their merit. *Miller-El*, 537 U.S. at 336. Although a petitioner, in requesting a COA, is not required to prove the merits of the case, the threshold of proof is higher than good faith or lack of frivolity. *Id*. at 338.

Moore offers two causes to avoid the bar resulting from his failure to raise his arguments on direct appeal: ineffective assistance of counsel and an intervening change of law. The district court's conclusions are not reasonably debatable

considering the record and Moore's filings.

> A.     Ineffective Assistance of Counsel

Moore raises two arguments with respect to his ineffective assistance of counsel claims. First, he contends the district court did not consider his claims. Second, he contends the procedural bar rule is inapplicable because he was represented by the same counsel at trial and on direct appeal, which hindered his ability to pursue appropriate claims on appeal.

"A defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995) (citation omitted). "To establish a claim for ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial." *Id.* 45 F.3d at 392 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). We "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. Counsel is not ineffective for failing to advance a futile argument. *See Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999).

Moore's contentions are without merit. The district court correctly applied *Strickland* and *Cook* in determining Moore's attorney "[did] not act unreasonably by failing to raise . . . meritless issue[s]." (R. Doc. 42 at 19.) The district court held

there was no legal foundation upon which to challenge Moore's sentence, nor was the carjacking instruction improper under the statute. The district court's conclusions are not reasonably debatable. *See Miller-El,* 537 U.S. at 327.

The district court declined to consider Moore's two attempts to raise new issues relating to his counsel's performance. The first attempt was in Moore's reply brief, when he alleged counsel failed to introduce evidence that would have undermined the government's case. The district court did not consider this issue because the government did not have an opportunity to respond. Next, in his application for COA, Moore argued his appellate counsel—who had also served as trial counsel—had a conflict of interest. Again, the district court declined to address this issue because it had not been raised in the § 2255 motion. The district court's treatment of issues raised for the first time in a reply brief in a § 2255 case is in accord with this Court's practice. *See United States v. Alvarez*, 137 F.3d 1249, 1251 (10th Cir. 1998).

### B. Intervening Change of Law

An intervening change in law can serve as a basis to avoid a procedural default in a § 2255 motion where the defendant failed to raise the issue on direct appeal. *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989). Moore argues the Supreme Court's decision in *Morrison* constitutes an intervening change in the law that justifies an exception to his procedural default, and 18 U.S.C. § 2119

violates the Commerce Clause.

In *Morrison*, the Court held portions of the Violence Against Women Act exceeded Congress' Commerce Clause power. 529 U.S. at 617. The Court noted Congress may not "regulate noneconomic violent criminal conduct based solely on that conduct's aggregate effect on interstate commerce." *Id*. Prior to *Morrison*, but after *United States v. Lopez*, 514 U.S. 549 (1995),[5] we upheld the constitutionality of § 2119 against a similar Commerce Clause challenge. *United States v. Romero*, 122 F.3d 1334, 1339 (10th Cir. 1997). *Romero's* reasoning is persuasive in this case as well, and we note nothing in *Morrison* which convinces us to alter our decision. We reject Moore's intervening law challenge to the federal carjacking statute based on *Morrison*.

Conclusion

For essentially the same reasons set forth by the district court, we conclude Moore has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

We **DENY** a COA and **DISMISS** the appeal.

---

[5] In *Lopez* the United States Supreme Court invalidated the Gun-Free School Zones Act on Commerce Clause grounds. The Court "identified three broad categories of activity that Congress may regulate under its commerce power": (1) "the use of the channels of interstate commerce"; (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce"; or (3) "activities having a substantial relation to interstate commerce." 514 U.S. at 558-59.

Moore filed with this court a request to proceed *in forma pauperis* (*ifp*) for this appeal. He was granted permission to proceed *ifp* in the district court. Since the district court did not certify in writing that his appeal was not taken in good faith, 28 U.S.C. § 1915(a)(3), his *ifp* status continues in this Court without further order. *See* Fed. R. App. P. 24(a)(3). Accordingly, his *ifp* request is denied as moot.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge