FILED
United States Court of Appeals
Tenth Circuit

August 5, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHRISTOPHER MOORE, JR.,

Defendant-Appellant.

No. 11-5026
(D.C. Nos. 4:11-CV-00020-CVE-FHM)
and 4:98-CR-00078-CVE-1
(N.D. Okla.)

---

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**

---

Before **HOLMES** and **ANDERSON**, Circuit Judges, **BRORBY**, Senior Circuit Judge.

---

Christopher Moore, Jr., proceeding pro se,[1] seeks a certificate of appealability (COA) to appeal the district court's dismissal for lack of jurisdiction of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. We DENY Mr. Moore's application for a COA and dismiss his appeal.

**BACKGROUND**

In 1998, Mr. Moore was convicted of one count of bank robbery in violation of 18 U.S.C. § 2113(a) and (d), four counts of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), and three counts of armed

---

[1] We liberally construe Mr. Moore's pro se pleadings. *See United States v. Shipp*, 589 F.3d 1084, 1088 (10th Cir. 2009).

carjacking in violation of 18 U.S.C. § 2119.  He was sentenced to 950 months'

imprisonment.  This court affirmed his convictions.  *United States v. Moore*, 198

F.3d 793, 794, 797 (10th Cir. 1999).

> Thereafter, Mr. Moore filed his first § 2255 motion, asserting that
>
> (1) the district court lacked jurisdiction because intervening decisions by the United States Supreme Court . . . rendered unconstitutional the carjacking statute . . .; (2) his sentence was unconstitutionally enhanced based on facts not presented to the jury; and (3) he was denied his constitutional right to effective assistance of counsel due to counsel's failure to object both to the sentencing enhancements and to a jury instruction which allegedly omitted a key element of the offense of carjacking.

*United States v. Moore*, 172 F. App'x 877, 880 (10th Cir. 2006).  The district

court denied relief, as well as a COA.  This court also denied a COA, and

dismissed Mr. Moore's appeal.  *Id.* at 882.

On December 27, 2010, Mr. Moore filed another § 2255 motion challenging

his sentence for the following reasons:  (1) a change in law set forth in *United

States v. O'Brien*, 130 S. Ct. 2169 (2010), required the trial court to submit to the

jury the question whether Mr. Moore had a previous firearm conviction; (2) the

indictment and instructions failed to name as an element of § 924(c) the type of

firearm used; (3) the trial court erred in calculating his sentence; and (4) there

was a conflict between the oral and written pronouncements of his sentence.  On

January 4, 2011, the district court deemed this filing to be an unauthorized second

or successive § 2255 motion.[2]  Declining to transfer the matter to this court, it instead dismissed the motion for lack of jurisdiction.  *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam) (holding that district court may transfer unauthorized second or successive § 2255 motion to Tenth Circuit if it is in interest of justice under 28 U.S.C. § 1631 to do so or may dismiss motion for lack of jurisdiction).

In dismissing, the court determined that *O'Brien* was not "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2), and that even if it were, its reasoning did not extend to Mr. Moore's case.  The court also decided that Mr. Moore's other arguments did not provide reasons for a second or successive motion based on changes in law or newly discovered evidence.  *See id.* § 2255(h).

On January 7, 2011, Mr. Moore filed another § 2255 motion, asserting: "This section of my appeals are due towards sentencing.  I can not and will not disclose these violation[s] unless I am before the sentencing courts."  R., Vol. 1 at

---

[2]     Before a movant may file a second or successive § 2255 motion in the district court, he must obtain an appellate court's authorization to do so.  *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."); *id.* § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

57. The district court was unable to discern whether this motion was intended to accompany the December 27, 2010, motion or whether it was intended to be a new § 2255 motion. Regardless, the district court dismissed it on January 10, 2011, for lack of subject matter jurisdiction as a second or successive § 2255 motion, for the reasons stated in its January 4, 2011, order.

On February 7, 2011, Mr. Moore filed a motion under Fed. R. Civ. P. 59(e) to reconsider the January 10 order, asserting that (1) his motion was not second or successive under *Magwood v. Patterson*, 130 S. Ct. 2788 (2010); (2) his motion should have been treated as a habeas petition under the savings clause of § 2255(e); and (3) his claims may properly be considered under the savings clause because *O'Brien* is a retroactively-applicable decision that changed the interpretation of § 924(c). In an order dated February 14, 2011, the district court treated the first two claims, seeking recharacterization of his prior motion, as proper Rule 59(e) claims to alter or amend the judgment, but treated the third claim as a second or successive § 2255 motion.

With respect to the first two claims, the district court decided that there was no manifest error, because *Magwood* was inapplicable and because Mr. Moore's motion did not fall under the § 2255(e) savings clause. With respect to the third claim, concerning Mr. Moore's entitlement to relief under the savings clause, the court decided it was an unauthorized second or successive motion, requiring dismissal for lack of jurisdiction, as the court had previously indicated in its

January 4, 2011, order.  Mr. Moore now seeks a COA from this court to appeal the district court's January 4 and February 14, 2011, second-or-successive dismissals.[3]

**DISCUSSION**

A COA is a jurisdictional prerequisite to our review of the district court's decision.  *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  We will issue a COA "only if [Mr. Moore] has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Because the district court denied his § 2255 motion on procedural grounds, we will grant a COA only if Mr. Moore "shows, at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

We conclude that Mr. Moore has failed to make this showing.  Under the circumstances of this case, it is not debatable that the district court, when presented with an unauthorized second or successive application, correctly dismissed it for lack of jurisdiction.  This is so because no reasonable jurist could

_____

[3]     Mr. Moore does not challenge the district court's denial of Rule 59(e) relief.

-5-

debate the correctness of the district court's conclusion that *O'Brien* did not set forth a new rule of constitutional law for purposes of § 2255(h).[4]

Accordingly, we DENY Mr. Moore's application for a COA for substantially the same reasons set forth by the district court in its orders of January 4 and February 14, 2011, and we DISMISS his appeal. In addition, we DENY Mr. Moore's motion for leave to proceed in forma pauperis as moot, because he received permission to proceed in forma pauperis in the district court.

Entered for the Court

Jerome A. Holmes
Circuit Judge

---

[4] Mr. Moore relies on *Shipp*, *supra*, to support his argument that he can timely pursue his claims based upon *O'Brien*'s substantive interpretation of § 924(c) under 28 U.S.C. § 2255(f)(3). *Shipp*, however, does not affect the determination that his claims are unauthorized second or successive claims for relief. As noted, *O'Brien* did not set forth a new rule of *constitutional law* for purposes of § 2255(h).