FILED
United States Court of Appeals
Tenth Circuit

**January 6, 2015**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER MOORE, JR.,

Defendant - Appellant.

No. 14-5110
(D.C. Nos. 4:98-CR-0078-CVE-1 &
4:14-CV-00386-CVE-TLW)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **EBEL**, and **GORSUCH**, Circuit Judges.

Christopher Moore, Jr., proceeding pro se, seeks a certificate of appealability

(COA) to appeal from the district court's determination that his 28 U.S.C. § 2255

motion was an unauthorized second or successive § 2255 motion that the court lacked

jurisdiction to consider. *See* 28 U.S.C. § 2255(h); *In re Cline*, 531 F.3d 1249, 1251

(10th Cir. 2008) (per curiam). We deny a COA and dismiss this matter.

Mr. Moore (who refers to himself as Christopher Moore-Bey) was sentenced to

950 months of imprisonment for bank robbery, carjacking, and using a firearm in

connection with a crime of violence. *See United States v. Moore*, 198 F.3d 793, 794

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(10th Cir. 1999). He since has filed multiple § 2255 motions in the district court. *See United States v. Moore*, 432 F. App'x 762, 763-64 (10th Cir. 2011) (setting forth filing history).

On July 10, 2014, Mr. Moore filed a new § 2255 motion and affidavit complaining about his counsel's performance on direct appeal. The district court concluded that the motion attacked his convictions and therefore was another unauthorized successive § 2255 motion that the court lacked jurisdiction to consider. It declined to transfer the motion to this court and dismissed it for lack of jurisdiction.

Mr. Moore must obtain a COA to appeal, *see* 28 U.S.C. § 2253(c)(1)(B), meaning that he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). His materials generally fail to address the procedural aspect of the district court's decision, instead focusing on the validity of his convictions and sentence. But no reasonable jurist could conclude that the district court erred in (1) determining that the motion was an unauthorized second or successive § 2255 motion or (2) dismissing it for lack of jurisdiction. *See Cline*, 531 F.3d at 1251-52.

Liberally construing Mr. Moore's COA materials, it appears that, alternatively, he may be seeking authorization for his motion under § 2255(h)(2), which allows a

successive § 2255 motion that relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." To the extent he seeks authorization, we deny it.

Mr. Moore cites *Alleyne v. United States*, 133 S. Ct. 2151 (2013); *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010); *Castillo v. United States*, 530 U.S. 120 (2000); *Bousley v. United States*, 523 U.S. 614 (1998); and *Bailey v. United States*, 516 U.S. 137 (1995). None of these decisions satisfies § 2255(h)(2). *Alleyne* did not announce a retroactively applicable rule. *See In re Payne*, 733 F.3d 1027, 1029-30 (10th Cir. 2013). *Carachuri-Rosendo* is an immigration decision mainly involving statutory interpretation, and Mr. Moore fails to explain how it announced a retroactive new rule of constitutional law. Finally, none of the remaining decisions created a "new rule" that was "previously unavailable" to Mr. Moore: *Castillo* was decided before he filed his first § 2255 motion, and *Bousley* and *Bailey* were decided before his conviction.

The request to proceed in forma pauperis is granted. The request for a COA is denied and this matter is dismissed. To the extent that Mr. Moore alternatively seeks authorization under § 2255(h), the request is denied.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

- 3 -