**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 13 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CHRISTOPHER MOORE, JR.,

      Defendant - Appellant.

No. 98-5238

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. NO. 98-CR-78-H)**

---

Michael A. Abel, Assistant Federal Public Defender (Stephen J. Knorr, Federal Public Defender, Tulsa, Oklahoma, with him on the brief) for Defendant - Appellant.

John D. Russell, Assistant U.S. Attorney (Stephen C. Lewis, United States Attorney, Tulsa, Oklahoma, with him on the brief) for Plaintiff - Appellee.

---

Before **SEYMOUR** and **LUCERO**, Circuit Judges, and **KIMBALL**,[*] District Judge.

---

**KIMBALL**, District Judge.

---

      Defendant appeals from the Judgment in a Criminal Case entered by the United

---

[*]The Honorable Dale A. Kimball, United States District Judge for the District of Utah, sitting by designation.

States District Court for the Northern District of Oklahoma on November 10, 1998.

Defendant was convicted of one count of Bank Robbery pursuant to 18 U.S.C. § 2113(a)

& (d); four counts of Use of a Firearm During a Crime of Violence pursuant to 18 U.S.C.

924(c); and three counts of Armed Carjacking pursuant to 18 U.S.C. § 2119. The

defendant was sentenced to 950 months in the Bureau of Prisons to be followed by five

(5) years of Supervised Release and ordered to pay $12,649.22 in restitution. Defendant

argues that the District Court abused its discretion by amending the indictment and

changing the name of the alleged victim of the carjacking in Count Three at the close of

trial after the defendant moved for judgment of acquittal. Defendant further argues that

the conviction for carjacking under Count Three of the Indictment, and attempted

carjacking under Count Seven of the Indictment, should be reversed for insufficiency of

the evidence. Lastly, defendant argues that the conviction for use of a firearm pursuant to

Count Four and Count Eight of the Indictment was dependant on convictions under Count

Three and Count Seven and therefore must also be reversed. We AFFIRM the judgment

of the district court.[1]

## BACKGROUND

The Indictment in this matter alleges that on May 4, 1998, the defendant robbed

the Commercial Federal Bank branch on South Memorial Avenue in Bixby, Oklahoma.

At trial, Ms. Anne Byers testified that Mr. Moore approached her as she was exiting her

---

[1] Mr. Moore's motion to file a pro se supplemental brief is granted.

vehicle in the north parking lot of the bank. She testified that Mr. Moore displayed a handgun and instructed her to open the door on the north side of the bank building. Once inside she turned off the alarm. The defendant then tied her up with telephone wires that he pulled out of the wall, and according to Ms. Byers testimony he told her to give him the keys to her automobile. The Indictment alleged that Mr. Moore took the automobile and left the scene of the robbery. However, instead of naming Anne Byers as the victim, the Indictment names Brent Byers, the registered owner of the vehicle and Anne Byers' husband. The Indictment charged in Count III a violation of Title 18 U.S.C. § 2119 involving the taking of a motor vehicle "from the person or presence of Brent Byers." The only testimony at trial was that of Anne Byers. Brent Byers did not testify. At the close of the evidence, upon motion of the government, the district court substituted the name of Anne Byers in the Indictment for that of Brent Byers.

The Indictment further alleges in Count VII that the defendant attempted to take a motor vehicle from the person or presence of Deputy Gary Frasier also in violation of 18 U.S.C. § 2119. The evidence at trial was that Mr. Moore abandoned Ms. Byers' vehicle when he found himself stuck in traffic. He then took a vehicle from another individual who was also stopped in traffic and attempted to escape in that vehicle. When that attempt failed he fled on foot, ultimately coming into contact with Deputy Frazier who was a plain clothed officer. Deputy Frazier testified that he was in his vehicle when the defendant quickly approached the passenger's side of his vehicle with his gun drawn.

Deputy Frasier then shot the defendant in the shoulder before Mr. Moore had the opportunity to take the Deputy's vehicle.

## DISCUSSION

### I. Amendment or Variance to Indictment

The defendant first argues that the district court erred in changing the name of the alleged victim in Count III of the Indictment after the close of the evidence at trial. The standard of review by this court is *de novo. See United States v. Carnall, et al,* 885 F.2d 656 (10th Cir. 1989).

In *United States v. Radestsky*, 535 F.2d 556 (10th Cir. 1975), this Court set forth the purposes and requirements of a grand jury indictment.

> First, the indictment must contain the elements of the offense and sufficiently apprise the defendant of what he must be prepared to meet; second, it must be such as to show to what extent he may plead a former acquittal or conviction as a bar to further prosecution for the same cause. . . . And a purpose corollary to the first is that the indictment inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had. . . . Furthermore, and of paramount importance, a sufficient indictment is required to implement the Fifth Amendment guaranty and make clear the charges so as to limit a defendant's jeopardy to offenses charged by a group of his fellow citizens, and to avoid his conviction on facts not found, or perhaps not even presented to the grand jury that indicted him. . . .

*Id.* at 562 (citations omitted). The law is clear that once an indictment has been returned, the charges may not be broadened through amendment unless done by the grand jury

-4-

itself. *See United States v. Wright,* 932 F.2d 868 (10th Cir. 1991). However, there is a distinction between an amendment and a variance to an indictment. *See United States v. Beeler,* 587 F.2d 340 ( 6th Cir. 1978). "A variance occurs when the proof introduced at trial differs materially from the facts alleged in the indictment. In contrast, an amendment involves a change, whether literal or in effect, in the terms of the indictment". *Id.* at 342. While an amendment to an indictment constitutes reversible error, a variance will only be regarded as error if the defendant shows not only that the variance exists, but also that it is fatal. The burden of proof is on the defendant to show that the variance was such that the defendant may have been convicted of an offense other than that charged by the grand jury. *See* Id.

As a general rule, an erroneous reference to the victim is not fatal to the indictment. *See Dye v. Sacks,* 279 F.2d 834 (6th Cir. 1960). In the case at hand, the Indictment named the victim as Brent Byers. Brent Byers was the victim's husband, and was the registered owner of the car. None of the evidence presented at trial suggested that Brent Byers was present during the bank robbery. Mr. Byers did not testify at trial. However, the victim Anne Byers did testify at trial and was cross examined by the defendant. The defendant argued at trial as a defense that he was not guilty because he did not take the car from the "person or presence of another" and he used the testimony of Anne Byers in support of that argument. At no point during trial was the name of Brent Byers discussed. Where a variance is such that the defendant could not have anticipated

from the allegations in the indictment what the evidence would be at trial, the defendant's Sixth Amendment right to notice of the charges against him is violated. *See United States v. Stoner,* 98 F.3d 527, 536 (10th Cir. 1996) <u>cert. denied,</u> 119 S.Ct. 403 (1998). However, where the defendant was not misled by the variance, his right to adequate notice and substantial rights are not prejudiced in any way. *Id.* at 536-537. Based upon the record before this court it does not appear that the defendant was prejudiced in any way by the variance to the Indictment. Mr. Moore was aware of the charges against him and presented his defense with the knowledge that Anne Byers was the alleged victim of the crime.

Further, the variance did not affect Mr. Moore's substantial rights because the Double Jeopardy Clause would protect him from another prosecution. A variance crosses the line only when it "creates 'a substantial likelihood' that a defendant may have been 'convicted of an offense other than that charged by the grand jury.'" *United States v. Hathaway,* 798 F.2d 902 (6th Cir. 1986) (citations omitted). Although this Court finds that the variance in this matter did not prejudice the defendant, this Court does not go so far as to create a *per se* rule that it is never reversible error to change the name of a victim in an indictment, particularly at the close of trial as was the case here. There may certainly be circumstances where this type of variance to an indictment could be fatal. This case, however, does not present those type of circumstances.

**II. Sufficiency of the Evidence**

**a. Carjacking of Anne Byers**

The defendant next argues that the evidence presented at trial was insufficient to support a conviction that the automobile was taken from the presence or person of another under Count III of the Indictment. Sufficiency of the evidence claims are reviewed *de novo* to determine whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt." *United States v. Dozal,* 173 F.3d 787 (10th Cir. 1999) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)).

Pursuant to 18 U.S.C. § 2119, there are four elements to a charge of carjacking. In order to convict under this statute it must be proven that the defendant (1) while possessing a firearm, (2) took from the person or presence of another, (3) by force and violence or intimidation, (4) a motor vehicle which has moved in interstate or foreign commerce. *See United States v. Payne,* 83 F.3d 346 (10th Cir. 1996). The defendant argues that the evidence presented at trial in this matter did not support the second element of taking the vehicle from the person or presence of the victim. The defendant argues that because the victim's car was in the parking lot, and not in the victim's immediate presence when he took the keys, that this element of the crime has not been met and the conviction should be overturned. The defendant further argues that *United States v. Lake*, 150 F.3d 269 (3rd Cir. 1998), which is cited by the government, is factually distinguishable from the case at hand.

In *United States v. Lake,* the Third Circuit held that "property is in the presence of a person if it is 'so within his reach, observation or control, that he could if not overcome by violence or prevented by fear, retain his possession of it.'" *Id.* at 272, citing *United States v. Burns,* 701 F.2d 840, 843 (9th Cir. 1983). In *Lake* the defendant took the victim's keys at gunpoint while the victim was on the beach. The vehicle was up a pathway above the beach and out of sight of the victim. The court concluded that a rational jury could have found that the victim could have prevented the taking of her vehicle if she had not been fearful that the defendant would shoot her or otherwise hurt her. This case is analogous to the case at hand. A reasonable jury could have found that the victim in this matter could have prevented the taking of her vehicle had she not been fearful of the defendant. The keys to the vehicle were in her immediate control and had she not been under the control of the defendant and fearful for her life, she could have easily walked out the door to the parking lot and driven away in her car, thus preventing the defendant from taking it. Therefore, the evidence is sufficient to support a conviction under Count III of the Indictment and the conviction is affirmed.

**b. Attempted Carjacking of Deputy Frazier**

The defendant next argues that the evidence was insufficient to support a conviction that the defendant attempted to take a motor vehicle under Count VII of the Indictment. Again, the standard of review is *de novo. See United States v. Dozal,* 173 F.3d 787 (10th Cir. 1999) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)).

In order to obtain a conviction on an attempt charge, the government must prove "an intent to engage in criminal conduct and the performance of acts which constitute a 'substantial step' toward the commission of the substantive offense." *United States v. Remigo,* 767 F.2d 730, 733 (10th Cir. 1985) quoting *United States v. Manley,* 632 F.2d 978, 987 (2nd Cir. 1980) cert. denied, sub nom. *Williams v. United States,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981). Based upon the evidence presented at trial a reasonable jury could have found that the defendant took a substantial step toward committing the crime of carjacking and would have completed the attempt had Deputy Frazier not shot him. The evidence presented was that the defendant pointed a firearm at Deputy Frazier while he approached his vehicle. Deputy Frazier shot the defendant when he was at the passenger door of his vehicle. A reasonable jury could have found that had the defendant not been shot he would have opened the passenger door and taken the vehicle. Therefore the conviction under Count VII of the Indictment is affirmed.

### III. Using and Carrying a Firearm

The convictions under Counts IV and VIII of the Indictment pursuant to 18 U.S.C. §924(c) for using and carrying a firearm during and in relation to a crime of violence are dependant upon the convictions under Counts III and VII of the Indictment. Based upon the Court's ruling affirming the convictions under those counts, the convictions under Counts IV and VIII are also affirmed.

### CONCLUSION

-9-

For the forgoing reasons, we AFFIRM the judgment of the district court.