**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

LOWELL LEE WORMAN,

      Defendant - Appellant.

No. 00-8064
(D.C. No. 98-CR-38-B)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **BALDOCK**, and **KELLY**, Circuit Judges.

---

Defendant-Appellant Lowell Lee Worman appeals from the district court's orders denying his motion for a new trial and his motion for reconsideration. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because we find that the new evidence probably would not have produced an acquittal in a new trial and that the district court did not amend the indictment, we affirm the district court's orders denying the motions.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## Background

Mr. Worman was convicted in a jury trial of four counts of willfully making a false federal income tax return by "not report[ing income] on line 22 of Form 1040 or otherwise," in violation of 26 U.S.C. § 7206(1). Aplt. App. at 108. He was sentenced to 24 month on each count, to run concurrently, and one year of supervised release. His conviction and sentence were affirmed on direct appeal. United States v. Worman, No. 98-8102, 2000 WL 358384 (10th Cir. Apr. 6, 2000) (unpublished order and judgment).

The charges against Mr. Worman arose from his failure to report money he allegedly converted from Farmers' Cooperative Association of Gillette and Whelchel Trucking. Whelchel Trucking was a business owned by Mr. Worman's former brother-in-law, Mr. Ernest Whelchel, and Mr. Worman claimed to be a partner. Prior to the criminal trial, Mr. Whelchel sued Mr. Worman and others for conversion and Mr. Worman counterclaimed for an accounting of the alleged partnership. In 1999, ten months after the guilty verdict in the criminal case, the Wyoming district court found against all the parties to the civil action because none had proved his or her case by a preponderance of the evidence, and the court dismissed the case with prejudice. Whelchel v. Whelchel, Civ. No. 19963 (6th Judicial Dist. of Wyo.); Aplt. App. at 71 ("Equity and good justice, as I view it from the thorough review of this evidence requires that the parties be left where

- 2 -

they entered."). Mr. Worman then filed a motion for a new criminal trial based on the newly discovered evidence of the state court's dismissal, which was denied. Mr. Worman then filed an unsuccessful motion for reconsideration on the grounds that there was newly discovered evidence and that the district court's order denying the motion for a new trial had amended the indictment.

Discussion

We review the denial of a motion for a new trial for an abuse of discretion. United States v. Pearson, 203 F.3d 1243, 1274 (10th Cir. 2000). We review de novo the legal question of whether there has been an amendment to an indictment. United States v. Williamson, 53 F.3d 1500, 1512 (10th Cir. 1995).

I.    Orders Denying Motion for New Trial and Motion for Reconsideration

In his motion for a new trial, Mr. Worman argued that the dismissal with prejudice of all claims in the civil case was newly discovered evidence that warranted a new trial. Aplt. App. at 41. In his motion for reconsideration of the denial of the motion for a new trial, Mr. Worman asserted that, in addition to the dismissal in the civil case, a letter from his tax preparer who testified at the criminal trial, two new witnesses, and copies of canceled checks were also newly discovered evidence that warranted a new trial. Aplt. App. at 49. In his brief to this court, Mr. Worman asserts that the dismissal of the civil case was newly

discovered evidence that warranted a new trial and that Mr. Whelchel's testimony that Mr. Worman converted the money should be barred in view of the dismissal in the civil case under the principles of collateral estoppel and full faith and credit. Aplt. Br. at 7-16.

Because Mr. Worman did not raise the issues of the letter from the tax preparer, the new witnesses, and the copies of canceled checks as newly discovered evidence in his brief to this court, they are waived. See Fed. R. App. P. 28(a); Scrivner v. Sonat Exploration Co., 242 F.3d 1288, 1294 (10th Cir. 2001) (quoting Coleman v. B-G Maint. Mgmt. of Colo., Inc., 108 F.3d 1199, 1205 (10th Cir. 1997))("'Issues not raised in the opening brief are deemed abandoned or waived.'") Likewise, because Mr. Worman did not raise the issues of collateral estoppel and full faith and credit in the district court, they will not be considered by this court. Mann v. United States, 204 F.3d 1012, 1017 (10th Cir. 2000) ("'The general rule, however, is that the failure to raise the issue with the trial court precludes review except for the most manifest error.'")(citations omitted). The dismissal in the civil case, therefore, is the only evidence we will consider as grounds for a new trial.

A motion for a new trial may be granted "if the interests of justice so require." Fed. R. Crim. P. 33. A defendant will succeed on a motion for a new trial based on newly discovered evidence only if he shows that:

- 4 -

(1) the evidence was discovered after trial; (2) the failure to discover the evidence was not caused by the defendant's lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence would probably produce an acquittal in a new trial.

United States v. Pearson, 203 F.3d 1243, 1274 (10th Cir. 2000). In denying his motion for a new trial, the district court accepted the first four elements as established but held that Mr. Worman had not met the fifth element. Aplt. App. at 17-20. The district court found "it extremely unlikely that the Whelchel decision would change this result. ... [A]s evidence that Mr. Worman did not embezzle funds from Whelchel Trucking, the Whelchel decision is rather weak." Id. at 19-20. The district court, then, hypothesized three possible jury findings that would have made the outcome of the civil case "completely irrelevant." Id. at 20. In light of the district court's conclusion that the Whelchel decision did not meet the standard to require a new trial given the embezzlement theory of the case, the subsequent discussion of possible bases for the jury findings is dicta and not pertinent to this part of the discussion.

We review the denial of a motion for a new trial for an abuse of discretion. Pearson, 203 F.3d at 1274. Abuse of discretion is present if the district court's decision is arbitrary, capricious, whimsical, or manifestly unreasonable. Coletti v. Cudd Pressure Control, 165 F.3d 767, 777 (10th Cir. 1999). In this case, the district court reviewed the evidence presented in the criminal case and concluded

that the outcome of the civil case would not result in an acquittal. This conclusion was based on the overwhelming amount of evidence presented by the government against Mr. Worman and the fact that Mr. Worman's counterclaim against Mr. Whelchel for an accounting of the alleged partnership in Whelchel Trucking was also dismissed with prejudice. Aplt. App. at 18. We have already determined that their was sufficient evidence to convict based upon the "non-partner" status of Mr. Worman, Worman, 2000 WL 358384, at *3, and as noted by the district court the state district court's decision proves nothing–it is premised upon an inability to find facts. Aplt. App. 20. The district court did not abuse its discretion in denying the motion.

## II.    Alternative Grounds as Impermissible Amendment to Indictment

An amendment[1] to an indictment occurs when there is either a literal or effective change in the terms of the indictment. United States v. Moore, 198 F.3d 793, 795 (10th Cir. 1999) (quoting United States v. Beeler, 587 F.2d 340, 342

---

[1]There is some confusion in both the briefs and the case law of this circuit as to the proper terminology to be used. See Aplt. Br. at 20 (using variance and amendment); Aplee. Br. at 20 (using variance and constructive amendment); Moore, 198 F.3d at 795-96 (using variance and literal, effective and constructive amendment); Williamson, 53 F.3d at 1512-13 (using simple variance, variance, and constructive amendment); Mosley, 965 F.2d at 915 (actual, constructive, effective, and literal amendment). For the purposes of this discussion, it is only important to note that a variance differs from an amendment in that it occurs when the proof introduced at trial materially differs from the facts alleged in the indictment and it is usually subject to harmless error review. Moore, 198 F.3d at 795-96 (citing Beeler, 587 F.2d at 342).

(6th Cir. 1978)). Once an indictment has been returned, it can be broadened through amendment only by the grand jury. Id. Amendments that effectively subject a defendant to the risk of conviction for an offense that was not originally charged in the indictment are impermissible, United States v. Mosley, 965 F.2d 906, 915 (10th Cir. 1992), and constitute reversible error. Moore, 198 F.3d at 795. We review de novo the legal question of whether there has been an amendment to an indictment. Williamson, 53 F.3d at 1512.

Mr. Worman argues that the district court's order denying his motion for a new trial impermissibly amended his indictment by discussing possible alternative jury findings that would have made the outcome in the civil case completely irrelevant. We find this argument no more convincing than the variance argument advanced on direct appeal. Worman, 2000 WL 358384, at *4. A district court's alternative explanation for a jury verdict contained in an order denying a post-verdict motion cannot constitute an amendment of the indictment.

As noted earlier, the portion of the order denying the motion for new trial discussing the possible alternative jury findings is dicta. Additionally, the statement in the indictment that "he received other income ... which was not reported on line 22 of Form 1040 or otherwise" includes the alternative grounds within its scope. Aplt. App. at 108.

Mr. Worman argues that the reference to line 22 in the indictment removes

from the indictment's scope income that would be reported on other lines (i.e. capital gains, line 13; wages or salary, line 7) and requires the government to prove that the income was converted from Mr. Whelchel. This court, however, finds it significant that 28 U.S.C. § 7206(1) is violated when a person makes a verified return and does not believe it to be true and correct as to every material matter. Mr. Worman, therefore, would be just as guilty of violating § 7206 if he failed to report capital income or salary as he would be if he failed to report money that he converted from Mr. Whelchel. The government is not under a duty to prove the character of the income, only that the taxpayer failed to report and pay taxes on it. United States v. Spencer, 178 F.3d 1365, 1368 n.6 (10th Cir. 1999). The inclusion of the words "or otherwise" in the language of the indictment makes clear the possibility of other characterizations of the income. The district court, therefore, did not expand the scope of the indictment or expose Mr. Worman to charges that were not in the original indictment.

We, therefore, AFFIRM the district court's orders denying the motion for a new trial and the motion for reconsideration.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge