**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TOBIAS LEE ARCHULETA,

Defendant-Appellant.

No. 09-1038

(D. of Colo.)

(D.C. No. 1:08-CR-00353-REB-1)

**ORDER AND JUDGMENT**[*]

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Tobias Archuleta robbed a federally-insured credit union at gunpoint, making off with around $83,500. During the robbery, he fired his gun twice at the ceiling to frighten the credit union's employees into obedience. They complied with his demands and put money from a cash drawer and the credit union's vault into his backpack. After taking the money, Archuleta ordered one

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

of the employees to turn over her car keys. She capitulated and informed Archuleta that her car was parked outside in the parking lot. With the cash—and the employee's car keys—in hand, Archuleta left the building, took the car, and fled.

Archuleta was apprehended for the crime and eventually entered into a plea agreement with the government. Pursuant to the agreement, he pleaded guilty to robbery and to using a firearm during a crime of violence, violations of 18 U.S.C. §§ 2113 and 924, respectively. In exchange, the government agreed to recommend a three-level sentencing reduction for acceptance of responsibility under the United States Sentencing Guidelines (USSG).

In due course, the district court sentenced Archuleta to a total of 19 years' imprisonment: 108 months for the robbery charge and 120 months for the crime of violence charge. In calculating this sentence, the district court accepted a recommendation in Archuleta's presentence report that he was eligible for a sentencing enhancement under USSG § 2B3.1(b)(5) because the robbery "involved carjacking."

On appeal, Archuleta challenges the procedural reasonableness of his sentence. He contends the district court's application of section 2B3.1(b)(5)'s carjacking provision was erroneous because he did not take the employee's *car*, but merely her car *keys*. He argues this conduct does not fit the definition of carjacking contained in the USSG.

We disagree. We hold that Archuleta failed to adequately present his arguments to the district court, requiring us to apply the stringent plain error standard to his appeal. And because our case law unambiguously holds that Archuleta's actions amounted to carjacking, his appeal fails to satisfy the plain error standard.

Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we therefore AFFIRM Archuleta's sentence.

## I. Standard of Review

Before addressing the merits of Archuleta's appeal, we must determine the standard of review. The government contends Archuleta's claim is governed by the plain error standard because he failed to adequately raise his section 2B3.1(b)(5) objection in the district court.

The record reveals only one instance where Archuleta arguably preserved his objection. His plea agreement contained the following cursory caveat before mentioning two sentencing enhancements, one of which pertained to section 2B3.1(b)(5): "*The United States contends that the following Specific Offense Characteristics apply; the defendant disputes application of these increases*." ROA Vol. 1 at 16 (emphasis in original). Nowhere else did Archuleta dispute the carjacking enhancement; instead, the record suggests he acquiesced to it at sentencing.

For example, Archuleta's presentence report (PSR) provided a detailed discussion of why section 2B3.1(b)(5) might apply, and included citations to federal case law. The PSR concluded, "[b]ased on the case law on this topic, the probation officer believes that it is appropriate for the court to apply the 2 level enhancement." ROA Vol. 3 at 7. Archuleta did not dispute this recommendation.

Moreover, at the sentencing hearing, the district court specifically asked Archuleta's attorney about the PSR and its validity:

> THE COURT: Ms. Jones, as attorney for Mr. Archuleta, have you received, read and reviewed the presentence report and addendum?
>
> MS. JONES: I have, your Honor, and I have reviewed it with my client and we do not have any objections or corrections.

ROA Vol. 2 at 7. Archuleta's lawyer repeated her approval of the PSR before making a statement on behalf of Archuleta: "Your Honor, as I stated earlier, we do not have any objections or corrections to the presentence report." *Id*. at 11. Importantly, in conducting its sentencing analysis, the court relied upon these statements and specifically found that the defense had no objections to the presentence report.

Under our case law, sentencing objections "must be 'definite' enough to indicate to the district court 'the precise ground' for a party's complaint. Absent a specific objection, the district court is deprived of the opportunity to correct its action in the first instance." *United States v. Winder*, 557 F.3d 1129, 1136 (10th

Cir. 2009) (internal citations omitted), *cert. denied*, 129 S. Ct. 2881 (2009).

Additionally, the government and the defendant are given a specific timeframe

and procedure within which they must object to a PSR. If they fail to properly

utilize this procedure, they forfeit their objections. *See* Fed. R. Crim. P. 32(f)(1)

(requiring parties to object, in writing, to a PSR within fourteen days after

receiving it); *United States v. Zubia-Torres*, 550 F.3d 1202, 1208 (10th Cir. 2008)

("Here, the defense made no objection to the PSR within the fourteen day period

and did not ask the court to allow new objections after that point."), *cert. denied*,

129 S. Ct. 2034 (2009).

In this case, Archuleta failed to make a definite and precise objection to the

applicability of section 2B3.1(b)(5). He even led the district court to believe the

carjacking enhancement was warranted. And although his plea agreement implies

Archuleta may have planned to object to the enhancement at one time, he did not

pursue the objection or bring it to the attention of the district court. He therefore

forfeited his claim, and we must confine our review to plain error.[1] *See*

*Zubia-Torres*, 550 F.3d at 1204–05 (counsel's statement that the probation office

---

[1] We note that although Archuleta neglected to pursue his objection to the carjacking enhancement in the district court—and thus forfeited it—nothing suggests he *waived* it. Under our jurisprudence, waiver requires some measure of intent. *United States v. Cruz-Rodriguez*, 570 F.3d 1179, 1183 (10th Cir. 2009). Here, the record does not suggest Archuleta consciously abandoned his objection, and "[w]e will not presume a waiver or infer one from a record as sparse as this." *Zubia-Torres*, 550 F.3d at 1207. We will therefore proceed to address Archuleta's substantive arguments, albeit under the stringent plain error standard.

correctly calculated the defendant's guidelines range amounted to forfeiture); *cf. United States v. Toledo*, 985 F.2d 1462, 1471 (10th Cir. 1993) ("Although Mr. Toledo objected in writing to the presentence report, he did not object at the sentencing hearing to the judge's alleged failure to resolve the dispute as required by § 6A1.3. Consequently, he waived his right to such a resolution.").

## II. Analysis

Under the plain error standard, we reverse the district court only if the court committed an error that was plain, affected substantial rights, and seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Barrett*, 496 F.3d 1079, 1089 (10th Cir. 2007). Here, we discern no error, let alone one that satisfies this stringent standard.

Under USSG § 2B3.1(b)(5), a defendant's offense level for robbery is increased by two levels if the defendant's crime "involved carjacking." Comment 1 to section 2B3.1(b)(5) defines carjacking as "the taking or attempted taking of a motor vehicle *from the person or presence of another* by force and violence or by intimidation." (emphasis added).

Archuleta contends that, because the car at issue was in the credit union's parking lot at the time of the robbery and was out of the employee's line of sight, he could not have taken the car from the "presence of" the employee. According to Archuleta, the most he can be accused of is "keyjacking."

Archuleta admits his argument is weak. He even concedes case law from this very circuit "control[s] the resolution of the issue in this case." Aplt. Br. at 7. He merely wishes to "preserve his right to petition to the United States Supreme Court to review the issue." *Id*. at 8.

Archuleta is correct that our case law forecloses the relief he seeks. In *United States v. Moore*, 198 F.3d 793 (10th Cir. 1999), we construed the federal carjacking statute, 18 U.S.C. § 2119, which contains the very same "person or presence of another" language contained in section 2B3.1(b)(5). Moore contended his actions did not satisfy the "person or presence" requirement "because the victim's car was in the parking lot, and not in the victim's immediate presence when he took the keys." *Moore*, 198 F.3d at 797. We disagreed, holding that the "person or presence" element of § 2119 is satisfied if the victim could have prevented the carjacking by withholding the car keys, but was overcome by violence or fear. *Id*.

Because the pertinent language of the Sentencing Guidelines is identical to the language in § 2119, *Moore* controls the resolution of this case. Other circuits have come to a similar conclusion. *See, e.g.*, *United States v. Savarese*, 385 F.3d 15, 20 (1st Cir. 2004). We see no reason to depart from our precedent or "give a tortured and conflicting reading to the federal carjacking statute and the Sentencing Guidelines." *United States v. Boucha*, 236 F.3d 768, 776 (6th Cir. 2001).

-7-

## III.  Conclusion

For the foregoing reasons, we AFFIRM Archuleta's sentence.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge