**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**October 18, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT LEE HARRISON, JR.,

    Defendant - Appellant.

No. 23-6177
(D.C. No. 5:22-CR-00114-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **PHILLIPS**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

Robert Lee Harrison, Jr., challenges his convictions for being a felon

in possession of ammunition, attempted carjacking resulting in serious

bodily injury, kidnapping, and using a firearm during and in relation to a

federal crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm the convictions for being a

---

\* After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist in
the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be
cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

felon in possession of ammunition and attempted carjacking. We vacate the kidnapping conviction and remand and authorize a retrial on the charge of attempted kidnapping. Finally, we reverse the § 924(c) conviction and remand with instructions to enter a judgment of acquittal.

## I

On the afternoon of March 11, 2022, Harrison attacked his ex-girlfriend, T.C., in the parking garage of the Integris Baptist Medical Center in Oklahoma City where T.C. worked. He punched T.C. multiple times in the face and then shot her several times. She survived the attack and identified Harrison to the police.

At trial, T.C. testified that on that afternoon she had been heading to her car after work. As she exited the elevator lobby on the fourth floor of the garage, she saw someone get out of an unfamiliar white car and walk toward her. She recognized the person as her ex-boyfriend, Harrison.

T.C. ran to her car and got into the driver's seat, but before she could close the door, Harrison punched her in the face, pulled out a gun, and told her to move over or he would shoot her. She slid over to the passenger seat, and Harrison got into the driver's seat and closed the door. When T.C. tried to honk the horn and get her cell phone to call for help, Harrison slapped her hand away and again punched her. With her eyes swelling shut, she

2

fumbled for the door lock, finally managed to unlock it, and ran for the elevator lobby.

Harrison got out of the car and followed. T.C. tried to hold the lobby door shut, but Harrison pushed through with the gun in his hand. As T.C. tried to grab the gun to keep it away from her, Harrison fired several times and ran back into the parking garage. Several of the gunshots struck T.C. Bleeding profusely, she managed to go down a flight of stairs and was later found collapsed in the stairwell on the third floor. Before she lost consciousness, she identified her attacker to the police. She was taken to a trauma center, where she was treated for a collapsed lung and six to eight gunshot wounds in her abdomen and thigh.

The police eventually found Harrison at an apartment complex getting into a black Ford F150, which was parked next to the white car. The police recovered his cell phone during his arrest and later obtained a search warrant to review its contents and search history. That review revealed that a week before the attack, Harrison performed a Google search for the parking garage where T.C. parked. And only a few minutes before he attacked T.C., he sent a text message to a friend which read: "Just in case, car will be at Baptist, third floor with keys under the seat. And if I don't return, get my truck to my sister's [house]." R.III at 142.

A federal grand jury indicted Harrison on four counts: being a convicted felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) (Count 1); attempted carjacking in violation of 18 U.S.C. § 2119(2) (Count 2); kidnapping in violation of 18 U.S.C. § 1201(a)(1) (Count 3); and use and discharge of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count 4).

The case went to trial by jury. After the government rested its case, Harrison moved for a judgment of acquittal on all four charges. He specifically argued with respect to the attempted carjacking that the evidence was insufficient to establish that he intended to take T.C.'s car, or that he took a substantial step towards doing so. The district court denied the motion, and the jury found Harrison guilty on all four counts. The district court sentenced him to 120 months in prison for Count 1; 300 months for Count 2; life imprisonment on Count 3, running concurrently; and life imprisonment on Count 4, to be served consecutively.

## II

On appeal, Harrison contends: (1) the evidence was insufficient to support the attempted carjacking conviction; (2) attempted carjacking resulting in serious bodily injury is not a crime of violence for purposes of 18 U.S.C. § 924(c)(1)(A); (3) the kidnapping conviction should be reversed because the evidence was insufficient to establish a completed kidnapping

4

and the kidnapping jury instruction was plainly erroneous because it failed to include as an element that the victim was held for an appreciable period of time; and (4) 18 U.S.C. § 922(g)(1) is unconstitutional. We address each issue in turn.

## A

Harrison contends the evidence was insufficient to support his conviction for attempted carjacking. Viewing the evidence in the light most favorable to the government, the district court found the government introduced evidence with respect to each element of attempted carjacking from which the jury could find the defendant guilty beyond a reasonable doubt. Accordingly, it denied Harrison's motion for a directed verdict of acquittal.

We view sufficiency-of-the-evidence challenges de novo. *United States v. Cornelius*, 696 F.3d 1307, 1316 (10th Cir. 2012). We view the evidence in the light most favorable to the government to determine whether "a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Id.* (internal quotation marks omitted). "We will reverse a conviction only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks omitted). "While the evidence supporting the conviction must be substantial and do more than raise a mere suspicion of guilt, it need not conclusively

exclude every other reasonable hypothesis and it need not negate all possibilities except guilt." *United States v. Erickson*, 561 F.3d 1150, 1158-59 (10th Cir. 2009) (internal quotation marks omitted).

"In order to obtain a conviction on an attempt charge, the government must prove an intent to engage in criminal conduct and the performance of acts which constitute a substantial step toward the commission of the substantive offense." *United States v. Moore*, 198 F.3d 793, 797 (10th Cir. 1999) (internal quotation marks omitted). The elements of carjacking are "(1) that [the defendant] took a motor vehicle from the person or presence of another; (2) that he did so by force, violence or intimidation; (3) that [the defendant] intended to cause death or serious bodily harm; and (4) that the motor vehicle had been transported, shipped, or received in interstate or foreign commerce." *United States v. Gurule*, 461 F.3d 1238, 1243 (10th Cir. 2006).

The government charged Harrison with attempting to take the car from T.C., as the taking was interrupted by T.C.'s escape. The district court found there was sufficient evidence of Harrison's intent to take the car, and that he took substantial steps towards doing so, based on: (1) T.C.'s testimony that Harrison pulled a gun on her as she sat in the driver's seat, ordered her to move over, and then got into the driver's seat and closed the door; and (2) Harrison's text message to a friend about where to find the car

he had driven to the parking garage, suggesting he did not intend to leave the parking garage in the same car he arrived in. Harrison disputes the district court's finding and contends T.C.'s testimony concerning his actions and his text message are consistent with any number of equally reasonable inferences about his intentions.

But "the government need only show that the defendant engaged in the prohibited conduct, *i.e.*, acquiring possession or control of the victim's vehicle in the presence of another by force or intimidation." *Gurule*, 461 F.3d at 1243. The defendant's "subjective motivation in acquiring possession or control of the victim's vehicle is irrelevant to whether the government [has] established the 'taking' element of . . . § 2119." *Id.* Here, T.C.'s testimony and Harrison's text message, viewed in the light most favorable to the government, would allow a rational trier of fact to find beyond a reasonable doubt that Harrison intended to take or acquire control of T.C.'s car by force and took a substantial step towards doing so.[1] The fact

---

[1] In both published and unpublished decisions, we have affirmed carjacking convictions under similar circumstances. *See, e.g.*, *Moore*, 198 F.3d at 797 (upholding attempted carjacking conviction where defendant pointed gun at driver but was shot before taking control of the car); *United States v. Nelson*, 801 F. App'x 652, 663 (10th Cir. 2020) (unpublished) (upholding carjacking conviction where defendant pointed gun at driver but abandoned car after shooting her).

that the evidence does not exclude every other reasonable hypothesis is not an impediment to this finding. *Erickson*, 561 F.3d at 1158-59.

Harrison argues that his pursuit of T.C. after she escaped from the car is consistent with an intent to commit a violent assault, not a carjacking. But that argument extends beyond the appropriate timeframe. As the Supreme Court has held, the carjacking statute "directs the factfinder's attention to the defendant's state of mind *at the precise moment* he demanded or took control over the car . . . . If the defendant has the proscribed state of mind *at that moment*, the statute's scienter element is satisfied." *Holloway v. United States*, 526 U.S. 1, 8 (1999) (emphases added). Thus, the fact that the defendant did not drive off in the car after acquiring control of it does not negate the defendant's intent. *See, e.g.*, *United States v. Nelson*, 801 F. App'x 652, 663 (10th Cir. 2020) (rejecting defendant's argument that there was no evidence he intended to take the car because he decided to leave the scene after shooting the victim).

Harrison protests that the facts here are not typical of a carjacking, and in support of his argument he cites a Fifth Circuit case, *United States v. Harris*, 420 F.3d 467 (5th Cir. 2005). But in *Harris* the court reversed a carjacking conviction because "the record [was] void of testimony that the defendant threatened the victim at the moment he demanded or took control of the car." *Id*. at 475.  Here, by contrast, T.C.'s testimony and her injuries

8

provided clear evidence that Harrison used force and threatened her and punched her at the moment he took control of her car.[2]

Harrison also contends the evidence of intent to take the car is insufficient because T.C. was not a stranger but an estranged romantic partner. It is unclear, however, why this should matter. In *Nelson*, 801 F. App'x at 655, 663, for example, we upheld a carjacking conviction against a sufficiency challenge where the victim was the defendant's longtime girlfriend.

Our review does not require us to find that *every* rational juror could have found the evidence sufficient to support a finding of intent, but only that *any* rational juror could do so. *See United States v. Haslip*, 160 F.3d 649, 652 (10th Cir. 1998) (stating that on a sufficiency-of-the-evidence challenge, "we reverse . . . only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (internal quotation marks omitted)). Under that standard, and viewed in the light

---

[2] Harrison notes that he did not demand the keys to T.C.'s car and that although T.C. had started the car remotely, it could not be driven without the key being inserted into the ignition. This does not preclude a finding that he attempted to take control of the car. *See United States v. Hernandez*, No. 22-2083, 2023 WL 4073726, at *4 (10th Cir. June 20, 2023) (unpublished) ("That [the defendant] did not . . . take the keys from [the victim] or start the car while [the victim] was sitting in the back seat, does not controvert a finding that [the defendant] acquired control of [the] car while in [the victim's] presence.").

most favorable to the government, the evidence was sufficient for a reasonable juror to conclude beyond a reasonable doubt that Harrison intended to take T.C.'s car and that he took a substantial step towards doing so. We therefore affirm Harrison's attempted carjacking conviction.

## B

Harrison argues that under recent Supreme Court precedent, attempted carjacking resulting in serious bodily injury is not a crime of violence for purposes of 18 U.S.C. § 924(c)(1)(A). Because he did not preserve this issue, our review is for plain error. *See United States v. Yurek*, 925 F.3d 423, 445 (10th Cir. 2019). This requires Harrison to show an error that is plain, that the error affected his substantial rights, and that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See id.* The government concedes that under this standard, the § 924(c) conviction should be vacated.

In *United States v. Taylor*, 596 U.S. 845, 851-52 (2022), the Supreme Court held that attempted Hobbs Act robbery is not a "crime of violence," as defined in § 924(c)(3)(A), because it does not have as an element the use, attempted use, or threatened use of physical force. To illustrate why this is so, the *Taylor* court described a hypothetical defendant who plans to rob a store and "buys a ski mask, plots his escape route, and recruits his brother to drive the getaway car" and "drafts a note—'Your money or your life'—

10

that he plans to pass to the cashier." *Id.* at 852. If the defendant were arrested as he walked into the store—before he ever presented the note to anyone—he could be convicted of attempted Hobbs Act robbery because "he intended to take property against the cashier's will by threat of force, and his actions constituted a substantial step toward that goal." *Id.*

The government agrees that *Taylor*'s reasoning applies equally to attempted carjacking because a conviction for attempted carjacking under § 2119(2) does not categorically require the government to prove the use, attempted use, or threatened use of force. The carjacking statute applies to "[w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle . . . from the person or presence of another by force and violence or by intimidation, or attempts to do so." 18 U.S.C. § 2119. And, as noted above, attempted carjacking requires an intent to take a car by force and violence or by intimidation, along with a substantial step to that end. *Moore*, 198 F.3d at 797. As with Hobbs Act robbery, a substantial step toward carjacking could involve conduct (the acquisition or possession of a firearm, for example) that does not involve the use, attempted use, or threatened use of physical force.

In light of *Taylor*, we agree with the parties that Harrison's conviction for attempted carjacking resulting in serious bodily injury does not qualify as a crime of violence under § 924(c). We further agree that this constitutes

11

plain error. *See United States v. Venjohn*, 104 F.4th 179, 186, 190 (10th Cir. 2024) (finding plain error under *Taylor* where the district court incorrectly determined a conviction for Colorado felony menacing was a crime of violence). Accordingly, the § 924(c) conviction must be vacated.

## C

Harrison argues his conviction for completed kidnapping should be vacated because the district court failed to instruct the jury that the victim must be held for an appreciable period of time. *See United States v. Murphy*, 100 F.4th 1184, 1202 (10th Cir. 2024) (holding that a conviction for kidnapping under 18 U.S.C. § 1201 requires "an appreciable period of detention (i.e., holding) beyond that necessary to commit any other offense"). He argues that this failure was plain error. The government concedes the argument.

We agree with the parties that under *Murphy*, the jury should have been instructed that for the defendant to be convicted of a completed kidnapping, the evidence must show the defendant held the victim for an appreciable period of time. We further agree that this instructional error constituted plain error. *Cf. United States v. Benford*, 875 F.3d 1007, 1017-21 (10th Cir. 2017) (finding that failure to instruct jury as to intent element of constructive possession of a firearm was plain error affecting defendant's substantial rights and the fairness, integrity or public reputation of judicial

12

proceedings). Accordingly, the conviction for completed kidnapping must be vacated.

The government also concedes Harrison's argument that, in light of *Murphy*, the evidence was insufficient to establish a completed kidnapping, but it contends that there is sufficient evidence for Harrison to be retried for attempted kidnapping.

We again focus our review of this issue on "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of [attempted kidnapping] beyond a reasonable doubt." *United States v. Simpkins*, 90 F.4th 1312, 1315 (10th Cir. 2024) (internal quotation marks omitted). And as with attempted carjacking, the government must show (1) specific intent to commit kidnapping, and (2) a substantial step towards completion of the crime. *Moore*, 198 F.3d at 797.

The government points to the same two items of evidence—T.C.'s testimony and Harrison's text message—in support of its argument that there was sufficient evidence to support an attempted kidnapping charge. We agree that this evidence, viewed in the light most favorable to the government, would allow a rational trier of fact to find beyond a reasonable doubt that Harrison intended to hold T.C. for an appreciable period of time. A reasonable juror could infer from Harrison's text message that he

intended to take T.C.'s car, and could further infer from his subsequent actions—moving T.C. to the passenger seat at gunpoint, getting into the driver's seat and closing the door—that he intended to transport T.C.

Harrison argues that it is not a reasonable inference that he intended to hold T.C. for an appreciable period. He contends that the evidence only supports an inference that he intended to keep T.C. close enough to assault and batter her, while it would be "pure speculation" to infer that he intended to transport her and thus hold her for an appreciable period of time. Op. Br. at 34. He offers no explanation for why the first inference would be reasonable but the second would not. And it is up to the jury to choose between competing inferences. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (the sufficiency-of-the-evidence standard "gives full play to the responsibility of the trier of fact to . . . draw reasonable inferences from basic facts to ultimate facts").

We remand and authorize a retrial on the charge of attempted kidnapping.

## D

Finally, Harrison contends that his conviction for being a felon in possession of ammunition should be vacated on the ground that § 922(g)(1) is plainly unconstitutional. Harrison only asserts this error, however, for purposes of preservation. He concedes that we review this issue for plain

14

error and that "it is not yet *plain* that Section 922(g)(1) violates the Constitution, on its face and as applied." Reply Br. at 15. We therefore affirm his conviction under § 922(g)(1).

### III

We affirm the convictions for being a felon in possession of ammunition (Count 1) and attempted carjacking (Count 2). We vacate the kidnapping conviction (Count 3) and remand to the district court with authorization for retrial on the charge of attempted kidnapping. We reverse the § 924(c)(1) conviction (Count 4) and remand with instructions for the district court to enter a judgment of acquittal on that count.

Entered for the Court

Richard E.N. Federico
Circuit Judge