**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 6 2002**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HIEN VAN TIEU,

Defendant-Appellant.

No. 00-4190

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
**(D.C. No. 99-CR-329-C)**

Wayne T. Dance, Assistant United States Attorney (Michelle M. Christiansen, Assistant United States Attorney, and Paul M. Warner, United States Attorney, on the brief), Salt Lake City, Utah, for Plaintiff-Appellee.

Robert Breeze, Salt Lake City, Utah,      for Defendant-Appellant.

Before **EBEL**, **BALDOCK**, and **KELLY**, Circuit Judges.

**BALDOCK**, Circuit Judge.

In 1997, Defendant Hien Van Tieu was released on parole after serving time for a felony conviction. As part of his parole agreement, Defendant consented to regular visits to his residence by parole officers, and to searches

of his premises based upon reasonable suspicion of a crime or parole violation. During the course of a search, parole officers discovered a semi-automatic 9mm pistol and a magazine containing 35 rounds of ammunition between the mattresses in Defendant's bedroom. Defendant lived in his parents' home with several other relatives and family friends. The door to his bedroom did not lock and others in the home had access to the room.

A jury subsequently convicted Defendant of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 41 months imprisonment and three years supervised release. Defendant appeals, asserting (1) the district court's jury instructions constituted an unlawful constructive amendment of the indictment, and (2) the evidence at trial was insufficient to support a finding that he knowingly possessed a firearm. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

## II.

Section 922(g)(1) provides: "It shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce any firearm or ammunition." 18 U.S.C. §922(g)(1). At trial, the Government introduced evidence that Defendant possessed both the firearm and ammunition. The jury instructions set forth the elements of the crime under the statute, and specifically

2

instructed that a guilty verdict could be based on knowing possession of either a firearm or ammunition. [1] The district court provided a special verdict form which required the jury to rule separately and unanimously on each. [2] The jury returned a guilty verdict on knowing possession of a firearm and a guilty verdict on knowing possession of ammunition. After trial, the district court granted Defendant's motion to vacate the ammunition verdict because the Government did not establish that the ammunition had traveled in or affected interstate commerce as required under the statute. The district court then sentenced Defendant for a single violation of 18 U.S.C. § 922(g)(1).

---

[1] The jury instructions read, in relevant part:

The second element which the government must prove beyond a reasonable doubt is that on or about the date set forth in the indictment the defendant knowingly possessed the firearm as charged in the indictment or knowingly possessed the ammunition as charged in the indictment.

The government is not required to prove that the defendant possessed both the firearm described in the indictment and the ammunition. If all twelve of you unanimously find beyond a reasonable doubt that the defendant knowingly possessed the firearm or if all twelve of you find beyond a reasonable doubt that defendant knowingly possessed the ammunition the second element is satisfied.

[2] The district court submitted the special verdict form to address Defendant's concern that the jury might convict Defendant for possession of a firearm or ammunition without unanimously finding the defendant possessed either one. Defendant agreed that the special verdict form addressed this concern, but continued to object to the inclusion of the ammunition charge as a basis for a guilty verdict.

## II.

Defendant argues the district court erred in instructing the jury that he could be convicted for possessing ammunition. According to Defendant, this instruction constitutes a constructive amendment to the indictment. The grand jury indictment charged Defendant with possession of: "a firearm and semi-automatic weapon, as defined in 18 U.S.C. Section 921(a)(3) and (30), to wit, a INTRATEC 9mm pistol TEC-DC9, serial number D073183, with a magazine containing 35mm rounds of ammunition, all in violation of 18 U.S.C. § 922(g)(1)(emphasis added)." Defendant claims that the indictment's use of the term "with" instead of an "and" limits his jeopardy to possession of a firearm. We review de novo the legal question of whether the district court proceedings constructively amended the indictment. United States v. Moore, 198 F.3d 793, 795 (10th Cir. 1999).

The prohibition on constructive amendments is derived from (1) the Fifth Amendment which limits a defendant's jeopardy to offenses charged by a grand jury, and (2) the Sixth Amendment which guarantees the defendant notice of the charges against him. Id. A constructive amendment occurs when the Government, through evidence presented at trial, or the district court, through instructions to the jury, broadens the basis for a defendant's conviction beyond acts charged in the indictment. United States v.Gauvin, 173 F.3d 798, 805 (10th Cir. 1999). To

4

constitute a constructive amendment, the district court proceedings must modify an essential element of the offense or raise the possibility that the defendant was convicted of an offense other than that charged in the indictment.       Id.  Where an indictment properly pleads violation of a statute, and the defendant was not misled about the nature of the charges, his substantive rights are not prejudiced.       Moore, 198 F.3d at 795 .

Though not perfectly drafted, the indictment clearly charges defendant with a violation of 18 U.S.C. § 922(g)(1).      A violation of § 922(g)(1) occurs if Defendant knowingly possessed "any firearm or ammunition."  18 U.S.C. § 922(g)(1).  The indictment refers both to the firearm and ammunition, giving notice of the factual basis of the offense.  The indictment's description of a "firearm with ammunition" rather than a "firearm or ammunition" does not, as Defendant claims, modify an element of the offense or allow conviction for an offense other than that charged.     See Moore, 198 F.3d at 795-96.  A review of the record confirms Defendant was not misled by the terms of the indictment. Defendant introduced evidence challenging his knowing possession of both the firearm and the ammunition.  Both were found together between the mattresses in Defendant's bedroom and his defense to knowing possession was identical for each.  We conclude Defendant was not misled by the indictment or prejudiced by the jury instructions.

5

In any event, Defendant's constructive amendment claim is subject to review for harmless error. See United States v. Prentiss, 256 F.3d 971, 983-84 (10th Cir. 2001)(en banc)(holding defects in an indictment are subject to harmless error review). Even if we assumed the jury instructions improperly allowed the jury to convict for possession of ammunition, the error was rendered harmless when the district court dismissed the ammunition charge. The special verdict form required the jury to unanimously determine whether Defendant knowingly possessed a firearm and the jury returned a guilty verdict on this charge. The district court sentenced Defendant solely on his possession of the firearm. The special verdict and the post-trial proceedings clearly render harmless any possible error presented by the jury instructions. See id. at 984.

## III.

Defendant next argues the evidence presented at trial was insufficient to support a finding that he knowingly possessed a firearm or ammunition as required under § 922(g)(1). We review sufficiency of evidence claims de novo. See United States v. Vallo, 238 F.3d 1242, 1246 (10th Cir. 2001). Evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the government, a reasonable jury could have found the defendant guilty beyond a reasonable doubt. Id. at 1247. In reviewing the evidence, we do not weigh conflicting evidence or consider witness credibility, as that duty is

6

delegated exclusively to the jury. United States v. Sanders, 240 F.3d 1279, 1281 (2001). We resolve any conflicts in the evidence in favor of the Government. Id.

A conviction under § 922(g)(1) requires the government to prove (1) knowing possession; (2) by a restricted person; (3) of any firearm or ammunition that has traveled in or affected interstate commerce. United States v. Heckard, 238 F.3d 1222, 1228 (10th Cir. 2001). The parties stipulated that Defendant was a restricted person under 18 U.S.C. § 922 and that the firearm traveled in interstate commerce. Defendant asserts, however, that the evidence at trial did not establish his knowing possession.

The Government may meet its burden of proof by showing constructive possession; actual possession is not required. Id. To establish constructive possession, the Government must show the defendant "knowingly holds the power to exercise dominion or control over the firearm." Id. If the defendant has exclusive possession of the premises, knowledge and control are properly inferred. Id. If the defendant is not in exclusive possession, the Government must show a connection or nexus between the defendant and the firearm. Id.[3]

---

[3] The Government asserts Defendant had exclusive possession of the bedroom, arguing that evidence other family members had access to the room is insufficient to show joint occupancy. Because we conclude the Government presented evidence sufficient to support a finding of knowing possession in a jointly occupied premises, we need not determine whether Defendant had exclusive possession.

To support a conviction for knowing possession where there is evidence of joint occupancy, the Government must offer "evidence supporting at least a plausible inference that the defendant had knowledge of and access to the weapon." Id. We conclude the government met this burden.

Parole officers found the firearm in the bedroom Defendant claimed as his own. Testimony at trial established Defendant slept in this room at night, slept on the bed in which the firearm was found, and used the room to store his personal effects. The firearm and ammunition were wrapped in a bandana similar to bandanas found folded carefully around photographs on the entertainment center. Although the testimony of family members concerning Defendant's use of the room conflicts in minor detail with the parole officers' testimony, the discrepancy gives rise only to an issue of credibility and this is solely within the purview of the jury. The jury clearly found persuasive the evidence linking Defendant to the firearm. Based upon the evidence presented at trial, a reasonable jury could infer Defendant had knowledge and control of the firearm. In sum, the government introduced sufficient evidence to support Defendant's conviction.

The district court judgment is AFFIRMED.