**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 3 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

RICKY LEON DORITY,

  Defendant -Appellant.

No. 02-7023
(D.C. No. 01-CV-468-S,
99-CR-9-S)
(E.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO** and **HARTZ**, Circuit Judges.

Defendant-Appellant Ricky Leon Dority appeals from the district court's

denial of his § 2255 motion. Dority was convicted of being a felon in possession

of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1) and

(2). He was treated as an armed career criminal under U.S.S.G. § 4B1.4(a) for

purposes of sentencing. We affirmed his conviction and sentence on direct

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal.  <u>United States v. Dority</u>, 215 F.3d 1337, 2000 WL 676008 (10th Cir. May 24, 2000) (unpublished).  He raises four arguments in this appeal of his § 2255 motion's denial.

The first three arguments center on Dority's contention that a 1976 uncounseled conviction for arson was used to enhance his sentence as an armed career criminal, and that he did not validly waive his right to counsel in relation to that conviction.  He argues that: 1) his counsel was constitutionally ineffective for failing to investigate the propriety of using the 1976 conviction in his sentencing; 2) the 1976 conviction was improperly used to enhance his sentence; and 3) the district court erred in finding that he effectively waived counsel prior to the 1976 conviction.

All three of these arguments fail because Dority has not provided any evidence that his waiver of counsel was invalid.  This circuit has held that "in sentence enhancement proceedings under the Armed Career Criminal Act, 18 U.S.C. § 924(e), once the government has established the fact of a prior conviction based on a guilty plea, the defendant has the entire burden of prov[ing] the invalidity of the conviction."  <u>United States v. Wicks</u>, 995 F.2d 964, 978 (10th Cir. 1993).

The Government established that Dority had the requisite prior convictions within the meaning of the Armed Career Criminal Act, including the 1976 arson

conviction. Dority claims that the 1976 conviction was uncounseled, and that he did not validly waive his right to counsel. The only evidence he offers in support is his plea agreement form from that case, which contains the statement "You have an absolute right to be represented by a lawyer during this prosecution. If you are without means to hire a lawyer the Court will appoint one for you at state expense." Following this statement is the question "Do you understand that?" and a blank where Dority presumably could have written "Yes." Unlike other questions on the form, Dority did not make any entry on the blank next to this statement, suggesting, in Dority's view, that he was never told of his right to counsel. He did, however, write "Yes" beside the next question asking if he understood the statement "You have the right to represent yourself if you choose." More significantly, he signed the bottom of the form indicating that he read and approved of its contents. Dority has not carried his burden of showing that his 1976 arson conviction was invalid.

As a consequence of this failure, his first three arguments are unpersuasive. Even assuming that his counsel failed to investigate Dority's assertion that the conviction was invalid, Dority cannot show that he was prejudiced by that failure, as is required by Strickland v. Washington, 466 U.S. 668 (1984). As shown above, the available evidence – even if it had been procured and submitted to the court by counsel – does not support Dority's argument. For the same reason,

there is no basis for finding the 1976 conviction itself to be invalid. And, contrary to Dority's assertion, the district court did not find that the 1976 waiver of counsel was valid; the court simply found, as we do, that Dority failed to carry his burden of proving its invalidity.

In his fourth and final argument, Dority contends that the firearm offense for which he was convicted lacked a connection to interstate commerce, and thus the district court did not have jurisdiction. This issue was not raised in the § 2255 motion below, but was raised in a separate "Motion to Dismiss Indictment" filed after the § 2255 motion. The district court did not address the motion to dismiss in its adjudication of the § 2255 motion. Rather than remanding for the district court to indicate its grounds for not addressing the motion, we can and will resolve it at this time, for the argument clearly lacks merit. "A conviction under § 922(g)(1) requires the Government to prove (1) knowing possession; (2) by a restricted person; (3) of any firearm or ammunition that has traveled in or affected interstate commerce." United States v. Tieu, 279 F.3d 917, 922 (10th Cir. 2002) (emphasis added). Dority's argument challenges only the third element, which was satisfied by direct testimony at trial. (Tr. 151-52 (government agent testifying that, because firearm seized from Dority was manufactured in Italy and imported by a Florida company, it necessarily traveled

in interstate commerce before reaching Oklahoma).)  There is no question that the district court had subject matter jurisdiction over Dority's offense.

## CONCLUSION

Dority's request for a certificate of appealability is **DENIED**, and this appeal is **DISMISSED**.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge