**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 2 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE ASCENCION HERRERA-
HERNANDEZ,

    Defendant-Appellant.

No. 02-2180
(D. New Mexico)
(D.Ct. No. CR-01-963-LH)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jose Herrera-Hernandez was found guilty by a jury of transporting illegal aliens in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(i), and (a)(1)(A)(v)(II). He appeals the district court's denial of his motion for a judgment of acquittal, claiming there was insufficient proof that he knew of, or recklessly disregarded, the fact that his passengers were in the United States illegally. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**Background**

We present the evidence adduced at trial in the light most favorable to the Government. In April 2001, Deputy Sheriff Sean Pruitt saw a van stop at the intersection of Sumner Avenue and Fourth Street in Fort Sumner, New Mexico. The intersection had no stop sign and two vehicles behind the van were forced to stop suddenly. The van bore a Texas license plate, its rear doors were held shut with a bungee cord and the brake light above the doors was missing. Pruitt turned on his emergency lights and stopped the van.

Pruitt asked Herrera-Hernandez, the driver, to produce a driver's license and vehicle registration. While waiting for the documents, Pruitt saw passengers in the van. After calling in the registration and driver's license number, Pruitt learned that Herrera-Hernandez's driver's license had been suspended and the insurance on the van was expired. When Pruitt asked the passengers for identification, he received no response. Pruitt told Herrera-Hernandez to follow

-2-

him to the sheriff's department, where Pruitt called the U.S. Border Patrol. Several hours later, border patrol agents Ochoa and Harrison arrived at the sheriff's department from their office in Carlsbad, New Mexico, approximately 180 miles away. When they arrived, Herrera-Hernandez agreed to answer their questions. Herrera-Hernandez said he was transporting the passengers for his brother's business. He said he would help the agents investigate other companies who transported illegal aliens from Houston, but would not provide information about his brother's organization. When Agent Harrison then asked him if he knew the people in the van were illegal aliens, Herrera-Hernandez gestured and said, "yeah." Herrera-Hernandez denies this occurred.

On July 24, 2001, a grand jury returned a two-count indictment against Herrera-Hernandez for transporting illegal aliens. At trial, the jury returned a verdict of guilty on both counts and Herrera-Hernandez moved for a judgment of acquittal. The district court denied his motion and sentenced Herrera-Hernandez to thirty months imprisonment. This timely appeal followed.

**Discussion**

We review insufficiency of the evidence claims de novo. *United States v. Van Tieu*, 279 F.3d 917, 921-22 (10th Cir. 2002). We review the evidence in the light most favorable to the Government to determine whether a rational jury could have found the defendant guilty beyond a reasonable doubt. *Id.* We will not

weigh conflicting evidence, nor do we consider the credibility of the witnesses. *Id*. All conflicts are resolved in favor of the Government. *Id*.

The Government is required to prove: "(1) the transporting or moving of an alien within the United States, (2) that the alien was present in violation of the law, (3) that [Herrera-Hernandez] was aware of the alien's status, and (4) that [Herrera-Hernandez] acted willfully in furtherance of the alien's violation of the law." *United States v. Barajas-Chavez*, 162 F.3d 1285, 1287 (10th Cir.) (*en banc*) (*quoting United States v. Diaz*, 936 F.2d 786, 788 (5th Cir. 1991), *cert. denied*, 528 U.S. 826 (1999). Herrera-Hernandez claims the Government did not offer adequate proof that he knew the people in the van were illegal aliens. Although Herrera-Hernandez admits Harrison testified that Herrera-Hernandez confessed to knowledge of the passengers' status by gesturing and saying "yeah," he claims that, even if he made the gesture and comment, the response was made during interrogation when he was not under oath. Because his testimony at trial denying knowledge was under oath, he claims it should be given greater weight. This argument is without merit.

The jury heard evidence that Herrera-Hernandez admitted he knew he was transporting illegal aliens. Even though there was testimony to the contrary, the jury obviously believed the agent. As we do not determine the credibility of the witnesses or the weight of the evidence, this fact alone is sufficient proof of

Herrera-Hernandez's knowledge.

The denial of the motion for acquittal is **AFFIRMED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge