**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 23 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GARRY WHITTAKER,

    Defendant - Appellant.

No. 01-4187
(D.C. No. 00-CR-436-G)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.

Defendant-Appellant Garry Whittaker was convicted by a jury of one count of possession of a firearm after being convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9) (Count I), and one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count II). He was sentenced to a term of imprisonment of 72 months to be followed by a term of supervised release of 48 months.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On appeal, Mr. Whittaker argues that (1) the district court erred by failing to determine whether he understood and assented to a stipulation underlying his conviction on Count I, and (2) the evidence of intent to distribute in Count II was insufficient. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Background

After receiving information suggesting that Mr. Whittaker was involved in illegal drug distribution, police executed a search warrant at his residence on September 13, 2000. They discovered various items of drug paraphernalia, including a marijuana pipe, used syringes, several plastic ziplock bags similar to those commonly used by drug dealers to distribute small quantities of methamphetamine, and a bag believed to contain red phosphorus (a chemical used in making methamphetamine). II R. at 193-96, 203-05.

While the search was in progress, Mr. Whittaker arrived at his residence as a passenger in a car driven by third party. The police searched Mr. Whittaker pursuant to the warrant and discovered a loaded firearm magazine, a container of 27 grams of recently manufactured methamphetamine, and another container of half a gram of methamphetamine. Id. at 210, 213-14; IV R. at 83-84, 113-14. The police also discovered a 9-mm pistol containing a chambered round on top of items in the trunk of the car. II R. at 215, 229. The weapon was accessible from

the passenger compartment, IV R. at 13-14, and was designed to operate with the magazine found on Mr. Whittaker. II R. at 222-23. The rounds in the magazine matched the round chambered in the weapon. Id. at 229.

To expedite the trial, the parties agreed in principle to stipulate that Mr. Whittaker, prior to his arrest in this case, had been convicted of a misdemeanor crime of domestic violence such that 18 U.S.C. § 922(g)(9) would apply to prohibit him from possessing a firearm. II R. at 6-10. During the preliminary discussion of this issue between counsel for the parties and the court, Mr. Whittaker's counsel made it clear that he wanted the stipulation to refer simply to a misdemeanor conviction and to be phrased "as neutrally as possible" to "keep[] out the pe[]jorative terms of assault, battery and those kind of things." Id. at 9. The prosecution agreed to draft the stipulation as Mr. Whittaker's counsel requested. Id. at 9-10.

At trial two days later, counsel for the United States moved for the admission of the stipulation conforming to the earlier agreement. V R. at 4. When the court inquired whether counsel for Mr. Whittaker had examined the stipulation, he responded that he had reviewed it and had no objections to it. Id. Thereafter, the prosecution read the stipulation into the record in open court. In pertinent part, it stated that prior to May 16, 2001, Mr. Whittaker "was convicted of a misdemeanor crime of domestic violence in a court of law, and as such, is

restricted from possessing a firearm or ammunition" pursuant to 18 U.S.C. § 922(g)(9). Id. at 5. After the entire stipulation was put on the record, the court admitted it into evidence; neither Mr. Whittaker nor his counsel raised an objection. Id. at 5-6.

Later in the trial, the court provided proposed jury instructions to the parties for their review. Instruction 20, which dealt with the required elements of proof for Count I, reiterated that the parties had stipulated to Mr. Whittaker's prior conviction of a misdemeanor crime of domestic violence. I R., Doc. 69 at 22. After conferring with Mr. Whittaker, his counsel stipulated to the jury instructions with no objections. V R. at 69. Later, while arguing a motion for judgment of acquittal, Mr. Whittaker's counsel again confirmed his client's agreement with the stipulation. Id. at 141. At the close of the trial the court instructed the jury that they were bound by the stipulation. Id. at 194-95.

During the trial, the prosecution presented evidence to support the inference that Mr. Whittaker possessed the methamphetamine not with intent to consume personally but with intent to distribute. The evidence included testimony: (1) that quantities of methamphetamine consistent with personal use are usually under two grams, IV R. at 105; (2) that the drug is most often sold in one gram, half-gram or quarter-gram amounts, id. at 110; (3) that addicts rarely stockpile personal stashes because they cannot afford it, they lack foresight, and

doing so is inconsistent with the idea of quitting, II R. at 197; IV R. at 114-15; (4) that a typical dosage unit is a quarter-gram, IV R. at 109; (5) that the heaviest users might be able to use a maximum of two grams per day for only a couple of days, id.; and (6) that the 27 grams found on Mr. Whittaker constituted over one hundred quarter-gram doses and is consistent with distribution.  Id. at 113-114.

Mr. Whittaker testified that he intended to hoard the drugs for his own use and that he had no intention to distribute them.  V R. at 116, 121.  At the conclusion of the trial the court denied Mr. Whittaker's motion for judgment of acquittal and submitted the case to the jury.  Id. at 141-43.  The jury returned a verdict of guilty on Counts I and II.  I R., Doc. 71.

## Discussion

Because Mr. Whittaker did not object to the stipulation at trial, the parties agree that we review Mr. Whittaker's first claim only for plain error.  United States v. Mejia-Alarcon, 995 F.2d 982, 991 (10th Cir. 1993); Aplt. Br. at 12; Aplee. Br. at 11.  To obtain a conviction against Mr. Whittaker on Count I, one element of proof the prosecution had to establish was that Mr. Whittaker was a person "who ha[d] been convicted in any court of a misdemeanor crime of domestic violence."  18 U.S.C. § 922(g)(9).

Although a defendant has a right under the Fifth and Sixth Amendments to

have a jury determine guilt beyond a reasonable doubt on every element of a charged offense, United States v. Gaudin, 515 U.S. 506, 509-10 (1995), the defendant may stipulate to elemental facts and waive the right on any given element. United States v. Mason, 85 F.3d 471, 474 (10th Cir. 1996). We have observed that where the defendant was present in court and represented by counsel at the time of the stipulation, it does not constitute plain error for a district court to fail to address the defendant directly before accepting the stipulation in order to ascertain that the stipulation had a factual basis and was understood and entered into voluntarily by the defendant. Mejia-Alarcon, 995 F.2d at 991. Given the facts surrounding the stipulation here, we perceive nothing that constitutes plain error.

Even were we to agree with Mr. Whittaker's understanding of the holdings in Hawkins v. Hannigan, 185 F.3d 1146, 1155 (10th Cir. 1999) and Johnson v. Cowley, 40 F.3d 341, 346 (10th Cir. 1994), we are still faced with a record that contains nothing to suggest that the stipulation in its final form was entered into against Mr. Whittaker's will or that he disagreed with it or did not want it entered. Mr. Whittaker's attempts to characterize the preliminary discussions on the stipulation as indicative of his "reservations" about the stipulation in its final form cannot be credited in light of the entire record. Aplt. Br. at 17. Mr. Whittaker's dubious understanding of his own record might also explain his

misplaced reliance on our unpublished decision in United States v. DeWilliams, 28 Fed. Appx. 913 (10th Cir. 2001), where the record could scarcely have been clearer that the defendant did not wish to stipulate.

We review de novo Mr. Whittaker's claim that the evidence was not sufficient to support the jury verdict on the intent to distribute element of Count II. See United States v. Hien Van Tieu, 279 F.3d 917, 921 (10th Cir. 2002). Evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the government, a reasonable jury could have found the defendant guilty beyond a reasonable doubt. In reviewing the evidence, we do not weigh conflicting evidence or consider witness credibility, as that duty is delegated exclusively to the jury, and we resolve any conflicts in the evidence in favor of the government. Id. at 921-22.

The "intent to distribute" a controlled substance is generally established through circumstantial evidence and "may be inferred from the possession of a large quantity of the substance." United States v. Powell, 982 F.2d 1422, 1430 (10th Cir. 1992). The rationale for such an inference is that the defendant possessed more of the substance than usual for personal use. Id. We have held that evidence of defendant's possession of 8.5 grams of methamphetamine and testimony that this amount was consistent with distribution was enough to support the inference. United States v. Deninno, 29 F.3d 572, 577 (10th Cir. 1994).

The evidence adduced at trial was that Mr. Whittaker possessed over 27 grams of methamphetamine and that this amount was consistent with intent to distribute. IV R. at 113-14. The additional evidence discussed above lends even further support to the inference. Especially when viewed in the light most favorable to the government, it is obvious that a reasonable jury could have found that Mr. Whittaker possessed the methamphetamine with intent to distribute.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge