**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 7, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BEAU TRAVIS RIVERS,

Defendant-Appellant.

No. 08-6260
(D.C. No. 5:07-CR-00238-D-3)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **BRORBY**, Senior Circuit Judge, and **HARTZ**,
Circuit Judge.

---

After pleading guilty to conspiracy to distribute methamphetamine, Beau

Travis Rivers was found guilty by the district court of being a felon in possession

of firearms. He was sentenced to forty-one months in prison, consecutive to a

state prison term, and now appeals. Mr. Rivers contends his firearms conviction

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was based on insufficient evidence, his consecutive state and federal sentences violate the parsimony principle, and he was unduly burdened by the successive state and federal prosecutions. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

## I

On January 10, 2007, law enforcement officials executed a search warrant for 3701 South Bryant Avenue in Oklahoma City, Oklahoma. The search uncovered various contraband, including two rifles found in a locked wall locker. An ensuing state prosecution culminated in Mr. Rivers pleading guilty to the Oklahoma crimes of concealing stolen property and possessing controlled substances. After he was sentenced on his state convictions, Mr. Rivers was named in a federal indictment for conspiring to distribute methamphetamine, 21 U.S.C. § 846, and possessing firearms after a prior felony conviction, 18 U.S.C. § 922(g)(1). Mr. Rivers pleaded guilty to the conspiracy charge and was convicted on the firearms count after a bench trial. At sentencing, the district court reviewed a revised pre-sentence investigation report, considered the parties' objections, and imposed a within-guidelines sentence of forty-one months in prison, consecutive to his previously imposed state prison term. On appeal, Mr. Rivers challenges the sufficiency of the evidence establishing that he knowingly possessed the firearms, the imposition of consecutive state and federal sentences, and the successive state and federal prosecutions.

**II**

We begin with the evidence underlying Mr. Rivers' firearms conviction.
"We review the sufficiency of the evidence de novo, taking the evidence and all
reasonable inferences drawn therefrom in light most favorable to the
[government]." *United States v. Poe*, 556 F.3d 1113, 1124 (10th Cir.),
*cert. denied*, 130 S. Ct. 395, 2009 WL 1604770 (U.S. Oct. 13, 2009)
(No. 08-10799). A conviction under 18 U.S.C. § 922(g)(1), required the
government to prove that (1) Mr. Rivers had a prior felony conviction, (2) he
knowingly possessed the firearms listed in the indictment, and (3) the firearms
traveled in or affected interstate commerce. *Id.* at 1125. The parties stipulated to
the first and third elements, leaving only the element of possession at issue.

To show that Mr. Rivers knowingly possessed the two rifles found in the
locker, the government relied on a theory of constructive possession. In *Poe*, we
explained that where a defendant did not have actual possession of the firearms or
exclusive possession of the premises where the firearms were found, the
government must produce some evidence to support an inference that the
defendant knew of and had access to the firearms:

> Possession of a firearm can be either actual or constructive. An
> individual has constructive possession if he has ownership,
> dominion, or control over the firearm and the premises where the
> firearm is found. In most cases, dominion, control, and knowledge
> may be inferred where a defendant has exclusive possession of the
> premises; however, joint occupancy alone cannot sustain such an
> inference. In cases of joint occupancy, where the government seeks

-3-

to prove constructive possession by circumstantial evidence, it must present evidence to show some connection or nexus between the defendant and the firearm or other contraband. This requires the government to point to evidence plausibly supporting the inference that the defendant had knowledge of and access to the firearm.

556 F.3d at 1125 (citations and quotations omitted).

Our review of the record finds adequate evidence to support the conviction. Mr. Rivers' joint control over the premises was demonstrated by several motor vehicle titles recovered during the search that listed his address as 3701 South Bryant Avenue. There was also testimony that Mr. Rivers was regularly seen at that location, that he identified himself as the person in charge of the business purportedly operating there, and that he even gave police consent to search the building once for another suspect. Additionally, Mr. Rivers' girlfriend, Brooke Jobe, testified that she and Mr. Rivers essentially lived outside an adjacent building and regularly used the bathroom and showers of 3701 South Bryant. She said Mr. Rivers' father controlled the building but she and Mr. Rivers spent most of their time there and, with the exception of one office, Mr. Rivers enjoyed unrestricted access to the premises. This testimony was corroborated by a confidential informant (CI) who testified at trial that Mr. Rivers had a key and could do "anything he wanted to in that place." R. Vol. 4 at 262.

Further, there was evidence demonstrating that Mr. Rivers had knowledge of the firearms. Delbert Knopp, an investigator with the Oklahoma City District Attorney's Office, testified that Mr. Rivers confessed to owning one rifle, which

had been given to him as a gift by his parents. This was confirmed by a witness who sold the rifle to Mr. Rivers' mother. Although Mr. Rivers disclaimed the other rifle as his father's, Darrell Edwards, an agent with the Bureau of Alcohol, Tobacco, and Firearms, testified that Mr. Rivers told him he "had a couple of guns but . . . didn't want to sell them." *Id.* at 55.

Other evidence established Mr. Rivers' access to the rifles. Ms. Jobe testified that she never saw any guns in the lockers, but she knew the lockers were located near the showers and that Mr. Rivers kept his belongings in those lockers. *See United States v. Hien Van Tieu*, 279 F.3d 917, 922 (10th Cir. 2002) (finding sufficient evidence of access where firearm was located with defendant's belongings). The CI corroborated this testimony, stating that the lockers were near the bathroom and showers and that Mr. Rivers kept his belongings in them. Unlike Ms. Jobe, however, the CI had seen Mr. Rivers move firearms to and from the lockers just over a year before the offense, *see United States v. Hishaw*, 235 F.3d 565, 572-73 (10th Cir. 2000) (recognizing that prior possession "may support an inference of constructive possession" but finding more than two years before offense too remote); he also knew that Mr. Rivers was an avid hunter, that he regularly carried firearms, and that the lockers were not always locked. Although the locker from which the rifles were recovered was locked at the time of the search and Mr. Rivers did not possess a key at the time of his arrest, Sergeant Billy Moon testified that the locker was constructed of thin metal and

was easily opened with a screwdriver, which was among many tools strewn throughout the building. *See United States v. Norman*, 388 F.3d 1337, 1341-42 (10th Cir. 2004) (finding sufficient evidence of access where firearm was locked in an easily opened compartment and no key was found, although evidence later connected defendant to key); *see also id.* at 1342 ("a defendant may constructively possess a weapon under § 922(g)(1) even though that weapon is not readily accessible at the time of arrest"). Moreover, Sergeant Moon testified that the two rifles were contained in hunting-style cases, and Sergeant Craig Engels found hunting gear inside the lockers. This evidence, viewed in the light most favorable to the government, creates a reasonable inference that Mr. Rivers had both knowledge of and access to the firearms listed in the indictment; it therefore adequately supports his conviction under 18 U.S.C. § 922(g)(1).

Next, Mr. Rivers asserts the district court violated the "parsimony principle" by ordering that his sentence run consecutive to his state prison term. The "parsimony principle" requires that a sentence be "'sufficient, but not greater than necessary, to comply with the purposes' of criminal punishment." *United States v. Martinez-Barragan*, 545 F.3d 894, 904 (10th Cir. 2008) (quoting 18 U.S.C. § 3553(a)). Contrary to Mr. Rivers' assertion, the record clearly demonstrates that the district court adhered to the parsimony principle. The court fulfilled its obligations under § 3553(a), sentenced Mr. Rivers at the low end of the applicable guideline range, and ordered that the sentence be served

consecutive to any previously imposed undischarged prison term. The state and federal sentences resulted from distinct state and federal prosecutions for distinct state and federal crimes. Absent any specific argument from Mr. Rivers to suggest otherwise, we find the district court was properly guided by the parsimony principle.[1]

Finally, we reject Mr. Rivers' contention that his successive state and federal prosecutions were unduly burdensome. *See United States v. Barrett*, 496 F.3d 1079, 1118 (10th Cir. 2007) (recognizing the dual sovereignty doctrine allows successive prosecutions by separate sovereigns for crimes arising out of the same underlying conduct). To the extent Mr. Rivers contends the two prosecutions constitute harassment, he fails to show any evidence of bad faith. *See generally Phelps v. Hamilton*, 59 F.3d 1058, 1065 (10th Cir. 1995).

The judgment of the district court is AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge

---

[1] Mr. Rivers suggests in his "Statement of the Issues" that his consecutive sentences violate the Eighth Amendment; he never develops this point, however, and we therefore do not consider it. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).