FILED
United States Court of Appeals
Tenth Circuit

December 9, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MIGUEL ANGEL COTA-GASTELUM,
a/k/a Hugo Estrada-Solis, a/k/a Beto,

Defendant–Appellant.

No. 09-3260
(D.C. No. 2:07-CR-20143-CM-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO**, and **HOLMES**, Circuit Judges.

Miguel Angel Cota-Gastelum seeks a new trial or remand for resentencing

following a conviction on five drug and gun charges. Exercising jurisdiction pursuant to

28 U.S.C. § 1291, we affirm.

---

[*] At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

## I

A jury found Cota-Gastelum guilty on five counts: (1) conspiracy to distribute and possession with intent to distribute fifty grams or more of methamphetamine and marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(D), and 846; (2) distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); (3) possession with intent to distribute five grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii); (4) use and carry of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (5) illegal alien in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2).

After rejecting Cota-Gastelum's motion for a new trial, and several objections to his Presentence Investigation Report ("PSR"), the district court determined his advisory Guidelines range was 360 months to life. The court imposed a sentence of 420 months' imprisonment.

## II

Cota-Gastelum first contends that the district court should have granted his motion for a new trial based on insufficiency of the evidence. We review a district court's denial of a motion for a new trial for abuse of discretion. United States v. Troutman, 814 F.2d 1428, 1455 (10th Cir. 1987). In doing so, we view the evidence in the light most favorable to the government. See Escue v. N. Okla. Coll., 450 F.3d 1146, 1156-57 (10th Cir. 2006). "[E]ven if we do not necessarily agree with the jury's verdict, it must be

upheld unless it is clearly, decidedly or overwhelmingly against the weight of the evidence." Id. at 1157 (quotation omitted).

With respect to the first three counts of conviction, Cota-Gastelum argues only that the cooperating witnesses who testified against him were not credible because they were interested in earning the gratitude of the government and avoiding punishment for their own criminal behavior. But in reviewing the sufficiency of the evidence, we do not "consider witness credibility, as that duty is delegated exclusively to the jury." United States v. Hien Van Tieu, 279 F.3d 917, 921 (10th Cir. 2002). Moreover, Cota-Gastelum ignores the substantial evidence supporting the cooperating witnesses' testimony. As the district court noted, their testimony was corroborated by recordings of controlled buys, a drug ledger found in Cota-Gastelum's bedroom, drugs discovered in Cota-Gastelum's home, and Cota-Gastelum's fingerprints found on a bag of methamphetamine. We conclude that the district court did not abuse its discretion by denying Cota-Gastelum a new trial on his credibility argument.

As to the gun charges, Cota-Gastelum argues that a new trial should be granted because the guns forming the basis of those convictions were found in an area that was not under Cota-Gastelum's exclusive control—his bedroom closet. Officers also discovered cash, a drug ledger, methamphetamine, a methamphetamine cutting agent, and numerous documents bearing Cota-Gastelum's alias in the bedroom. Further, a cooperating witness identified one of the guns as a firearm she traded to Cota-Gastelum in exchange for a quarter ounce of methamphetamine. This evidence is plainly sufficient

to establish possession.

Lastly, Cota-Gastelum argues that the government failed to prove he actively employed a firearm, which he contends is a necessary element under 18 U.S.C. § 924(c). Cota-Gastelum cites Bailey v. United States, 516 U.S. 137, 144 (1995), for the "active employment" standard. But Bailey interpreted statutory language requiring "use" of a firearm. See id. In response to Bailey, Congress amended the statute to require only possession rather than use. See United States v. O'Brien, 130 S. Ct. 2169, 2179 (2010) (describing amendment). Under our circuit precedent, receiving a gun in exchange for drugs qualifies as possession in furtherance of a drug crime as a matter of law. See United States v. Luke-Sanchez, 483 F.3d 703, 706 (10th Cir. 2007). The district court acted well within its discretion in denying a new trial on this basis.

## III

Cota-Gastelum also challenges his sentence before this court. We review the substantive reasonableness of a sentence for abuse of discretion. See United States v. Montgomery, 550 F.3d 1229, 1233 (10th Cir. 2008). A claim that a district court improperly calculated a Guidelines range implicates procedural reasonableness. See United States v. Huckins, 529 F.3d 1312, 1317 (10th Cir. 2008). "When considering the calculation of a Guidelines sentencing range, we review legal questions de novo and we review any factual findings for clear error, giving due deference to the district court's application of the Guidelines to the facts." United States v. Gambino-Zavala, 539 F.3d 1221, 1227-28 (10th Cir. 2008) (quotation and alterations omitted).

**A**

Cota-Gastelum first claims that the district court's drug quantity calculation was clearly erroneous because the evidence upon which it was based was unreliable. At sentencing, a district court may estimate drug quantity "so long as the information relied upon has some basis of support in the facts of the particular case and bears sufficient indicia of reliability." United States v. Dalton, 409 F.3d 1247, 1251 (10th Cir. 2005). "When choosing between a number of plausible estimates of drug quantity, none of which is more likely than not the correct quantity, a court must err on the side of caution." United States v. Richards, 27 F.3d 465, 469 (10th Cir. 1994) (quotation and alteration omitted).

The district court followed these admonitions in its drug quantity calculations. In extrapolating drug quantity from a drug ledger, the PSR did not include drug transactions that were ambiguously recorded to reach "a more conservative estimate." Similarly, when confidential sources indicated a range of quantities, for example fifteen to nineteen ounces, the PSR used the lower figures. And despite Cota-Gastelum's claim that the witnesses were not credible, their testimony was corroborated by the physical evidence and police information described above. Cota-Gastelum has not demonstrated that the district court's drug quantity estimate was clearly erroneous.

**B**

Next, Cota-Gastelum contends the district court clearly erred by imposing a four-level enhancement for being the leader of a conspiracy with more than five participants.

The enhancement applies "if the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). Cota-Gastelum argues only that the government failed to allege he exercised control over any individuals other than his two "soldiers," apparently on the theory that the enhancement should not apply unless he did not exert control over five individuals. But the enhancement is proper if the defendant was "the organizer, leader, manager, or supervisor of one or more other participants." U.S.S.G. § 3B1.1 n.2 (emphasis added). It is the "criminal activity" that must include five or more individuals, and the methamphetamine-distribution ring at issue included more than five individuals.

Cota-Gastelum does not challenge the conclusion that he supervised or managed his two "soldiers," and that conclusion is supported by the record. For example, police executed a controlled buy in which a confidential informant called Cota-Gastelum to arrange a purchase of methamphetamine. The drugs were delivered by the two "soldiers," and the confidential source paid Cota-Gastelum. Because Cota-Gastelum supervised or managed at least one other participant and the criminal activity included five or more participants, the four-level enhancement was appropriate.

## C

Finally, Cota-Gastelum challenges the substantive reasonableness of his sentence on the ground that it is disproportionate to those of his codefendants, who received sentences of 292 and 151 months.

As this court has previously explained, "disparate sentences are allowed where the

disparity is explicable by the facts on the record." <u>United States v. Davis</u>, 437 F.3d 989, 997 (10th Cir. 2006) (quotation omitted).  As leader of the conspiracy, Cota-Gastelum received a higher Guidelines range than his subordinates.  He was also convicted on additional gun charges, one of which carried a sixty-month sentence which ran consecutive to his other sentences by operation of statute.  <u>See</u> 18 U.S.C. § 924(c)(1)(D). Because Cota-Gastelum was not similarly situated to his codefendants, but more culpable, a substantially higher sentence was reasonable.

## IV

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge