**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 1, 2011

Lyle W. Cayce
Clerk

No. 10-40819
Summary Calendar

RICKY LEON DORITY,

Petitioner - Appellant

v.

WARDEN KEITH ROY,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:08-CV-127

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Proceeding *pro se*, Ricky Leon Dority, federal prisoner # 03636-063, appeals the dismissal of his 28 U.S.C. § 2241 petition challenging the constitutionality of his conviction under 18 U.S.C. § 922(g) (felon in possession of a firearm). Dority contends: the conviction is invalid because, in the light of *District of Columbia v. Heller*, 554 U.S. 570 (2008) (finding District of Columbia's prohibition on in-home possession of handguns unconstitutional), the Second Amendment prohibits any infringement on the right to bear arms; he was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40819

convicted of a nonexistent offense; and his claim fits within the "savings clause" of 28 U.S.C. § 2255 because § 922(g) is facially unconstitutional.

The court's findings of fact are reviewed for clear error; its legal conclusions, *de novo*. *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005). A § 2241 petition attacking custody resulting from a federally-imposed sentence may be entertained if petitioner establishes that § 2255's remedy is "inadequate or ineffective to test the legality of his detention". 28 U.S.C. § 2255(e). Petitioner must show his claims: (1) are "based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense"; and (2) were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion". *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

The Supreme Court noted in *Heller*: the Second Amendment "is not unlimited"; and the Court expressly reaffirmed the "longstanding prohibition[] on the possession of firearms by felons . . . ." 554 U.S. at 626-27. Prior to *Heller*, in *United States v. Darrington*, 351 F.3d 632, 633-34 (5th Cir. 2003), our court held that § 922(g), prohibiting the possession of firearms by convicted felons, does *not* violate the Second Amendment right to bear arms. In 2009, in the light of *Heller*, our court reaffirmed *Darrington*'s holding, stating: "*Heller* provides no basis for reconsidering *Darrington*". *United States v. Anderson*, 559 F.3d 348, 352 (5th Cir.), *cert. denied*, 129 S. Ct. 2814 (2009).

AFFIRMED.