**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 4, 2012

Lyle W. Cayce
Clerk

No. 11-30990
Summary Calendar

JAMES EARL BAKER,

Petitioner - Appellant

v.

MARINA MEDINA,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CV-824

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

James Earl Baker, federal prisoner # 16137-064, who is proceeding *pro se*, was sentenced to, *inter alia*, 235-months' imprisonment for possession of ammunition by a felon. His conviction and sentence were affirmed on direct appeal. *United States v. Baker*, 508 F.3d 1321, 1330 (10th Cir. 2007). Proceeding *pro se*, Baker sought habeas-corpus relief under 28 U.S.C. § 2241, maintaining he was convicted of a nonexistent offense in the light of the Supreme Court's decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*v. City of Chicago*, 130 S. Ct. 3020 (2010), concerning the Second Amendment "right . . . to keep and bear arms". The district court ruled Baker could not proceed under § 2241 because his claim did not satisfy the requirements of the "savings clause" of 28 U.S.C. § 2255(e) and dismissed the § 2241 petition.

Section 2255 provides the main vehicle to present a collateral challenge to a federal sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Section 2255 relief is the remedy for "errors that occurred at or prior to sentencing". *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotation marks omitted). In contrast, § 2241 is used to present a challenge to "the manner in which a sentence is executed". *Tolliver*, 211 F.3d at 877. A § 2241 petition raising errors "that occurr[ed] at trial or sentencing is properly construed [as arising] under § 2255". *Id.* at 877-78. Baker challenges the legality of his conviction and sentence. As such, Baker's claim must be presented under § 2255. *Cox*, 911 F.2d at 1113.

If prisoner can demonstrate that the § 2255 remedy would be "inadequate or ineffective to test the legality of [the prisoner's] detention", he may be permitted to pursue a claim pursuant to § 2241 under § 2255's "savings clause". *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). That clause applies to a claim that: (i) "is based on a retroactively applicable Supreme Court decision which establishes that . . . petitioner may have been convicted of a nonexistent offense"; and (ii) "was foreclosed by circuit law at the time when the claim should have been raised in . . . petitioner's trial, appeal, or first § 2255 motion". *Id.* at 904. Our court has rejected Baker's contentions. *E.g.*, *United States v. Anderson*, 559 F.3d 348, 352 (5th Cir. 2009); *Dority v. Roy*, 420 F. App'x 401, 402 (5th Cir. 2011) (affirming dismissal of § 2241 petition because claim based on *Heller* did not satisfy the requirements of § 2255's savings clause). Therefore, Baker has not shown that he is entitled, through § 2255's savings clause to proceed under § 2241.

AFFIRMED.