**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 23, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICKY LEON DORITY,

    Defendant - Appellant.

No. 12-7064
(D.C. No. 6:99-CR-00009-FHS-1)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After Ricky Dority was convicted for being a felon in possession of a firearm, the district court turned to the question of sentencing. Finding that Mr. Dority had at least three prior violent felony convictions, the court held it was obliged to apply a fifteen year mandatory sentence under the Armed Career Criminal Act (ACCA). *See* 18 U.S.C. § 924(e). Mr. Dority disputed whether one of the prior convictions the district court cited — a conviction for escaping a

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

penal institution — qualified as a "violent felony" as that term is used in the ACCA. Mr. Dority emphasized that his escape involved only failing to return to prison after work release. The district court counted the conviction anyway.

On appeal, Mr. Dority challenged only his conviction, not the district court's sentencing analysis or its application of the ACCA. After the appeal proved unfruitful, *see United States v. Dority*, 215 F.3d 1337 (10th Cir. 2000) (unpublished table decision), Mr. Dority brought a collateral challenge under 28 U.S.C. § 2255. Here he did challenge his sentence, but on different grounds. The district court once again denied relief and, for its part, this court denied him a certificate of appealability — and, later, authorization to file a second or successive § 2255 motion. *See United States. v. Dority*, 42 F. App'x 301 (10th Cir. 2002) (unpublished); *Dority v. United States*, No. 05-7075, Doc. No. 1879285 (10th Cir. Jan. 17, 2006). The Supreme Court denied certiorari in both instances. *See Dority v. United States*, 537 U.S. 1143 (2003); *Dority v. United States*, 549 U.S. 846 (2006).

Now Mr. Dority comes before us seeking a writ of audita querela. *See United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002) (defining the writ). Mr. Dority says we should grant the writ because after his sentence was issued the United States Supreme Court held escape convictions like his — for failing to return from a work release — are not "violent felonies" within the meaning of the ACCA. *See Chambers v. United States*, 555 U.S. 122, 127-30

- 2 -

(2009). The district court has already refused to grant Mr. Dority the writ he seeks, as have the Eastern District of Texas and the Fifth Circuit when earlier he asked them to reduce his sentence for the same reason. *See Dority v. Roy*, 420 F. App'x 401, 402 (5th Cir. 2011) (unpublished); *Dority v. Roy*, No. 08-cv-127, 2010 WL 3257788 (E.D. Tex. Aug. 17, 2010). We are obliged by law to reject his petition as well — and for many reasons.

In the first place, it is not entirely clear whether the common law writ he asks us to grant remains a viable avenue for relief under any circumstances. *See* Fed. R. Civ. P. 60(e) ("The following are abolished: . . . writs of . . . audita querela."); *United States v. Beggerly*, 524 U.S. 38, 45 (1998).

Second, even assuming the writ is available for other purposes, § 2255 provides the "exclusive remedy" for federal prisoners seeking to test the validity of a criminal sentence. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). To be sure, an exception to this rule exists when the federal prisoner can show an initial § 2255 motion would have been "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). But that exception has no application here: no one disputes Mr. Dority could have brought and tested a *Chambers*-type challenge to his sentence in his initial § 2255 motion. Indeed, it's clear he was fully aware of the argument: he avidly pursued it at sentencing before the district court yet simply failed to pursue it in his initial § 2255 motion. It cannot be the law that a litigant

might render § 2255 inadequate or ineffective by his own default. *See Prost*, 636 F.3d at 584-86.

Third, to prevail on a writ of audita querela in any event a petitioner would, at a minimum, have to show a "complete miscarriage of justice." *United States v. Harris*, 391 F. App'x 740, 744 (10th Cir. 2010) (unpublished). This is a showing Mr. Dority could not make because it's apparent that, even if we were to disregard his escape conviction, he has many other violent felony convictions that could provide the third predicate offense necessary to uphold his ACCA sentence. To be sure, as Mr. Dority notes, these other Oklahoma felony convictions only came about as a result of his failure to complete a deferred sentence. But this fact does not make them any less convictions under Oklahoma or federal law. *See United States v. Hutchinson*, 438 F. App'x 681, 684 (10th Cir. 2011) (unpublished); *Platt v. State*, 188 P.3d 196, 198-99, ¶¶ 8-10 (Okla. Crim. App. 2008); *Watts v. State*, 194 P.3d 133, 135-36, ¶¶ 4-6 (Okla. Crim. App. 2008), *modified on other grounds*, 197 P.3d 1094 (Okla. Crim. App. 2008).

Finally, it isn't even entirely clear under current law whether a non-capital sentencing error of the sort Mr. Dority alleges (assuming one occurred) could ever constitute the sort of "manifest injustice" required to warrant relief under a common law writ. A wrongful conviction might, but it's less clear a sentencing error of this sort could. *See Reid v. Oklahoma*, 101 F.3d 628, 630 (10th Cir. 1996).

For all these reasons, the judgment of the district court is affirmed.


ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge